280 So.2d 25 (1973)
William Michael BRYAN, Appellant,
v.
STATE of Florida, Appellee.
No. R-351.
District Court of Appeal of Florida, First District.
July 10, 1973.
Rehearing Denied July 31, 1973.
Lacy Mahon, Jr., of Mahon & Mahon, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
*26 CARROLL, DONALD K., Judge.
The Appellant was tried on a charge of murder in the second degree and convicted of manslaughter, and has appealed from his judgment of conviction and sentence, entered by the Duval County Criminal Court of Record.
The principal question presented for our determination in this appeal is whether that court committed reversible error by giving to the jury an instruction commonly known as the "blockbuster" or "Allen charge."
Historically, the doctrine of the "Allen charge" found its origins in the early decision of the Supreme Judicial Court of Massachusetts in Commonwealth v. Tuey, 8 Cushing 1, 62 Mass. (1851) and obtained its name from the case of Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). In that case, after the main charge was delivered to the jury, the jury returned to the courtroom apparently for further instructions. These instructions were lengthy and were in substance that in a large proportion of cases absolute certainty could not be expected; that, although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's argument; that, if the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the hearts of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority. The U.S. Supreme Court held that there was no error in the giving of this charge.
On this question, apparently, this court has been more sensitive to the rights of the accused than was the U.S. Supreme Court, at least in 1896, for in Lee v. State, 239 So.2d 136 (Fla.App. 1970), we held that the giving of the "Allen" or "blockbuster" charge to the jury constituted error and entitled the defendant to a new trial. The main point raised in that appeal was:
"Did the court err in giving the so-called `Allen' or `Blockbuster' charge to the jury after they had returned to the courtroom following nearly five hours of deliberation just before midnight on May 8, 1969, to report failure to agree?"
Among the statements which the court made in his further instructions to the jury in the Lee case were these:
"It is your duty to decide this case if you can conscientiously do so, and you should listen with a disposition to be convinced to each other's arguments.
"If the much larger number of you are for conviction, a dissenting juror should consider whether his doubt was a reasonable one, which made no impression on the minds of so many other men equally honest, equally intelligent with himself. If on the other hand the majority of you are for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of their judgment, which is not concurred in by the majority.
"I particularly impress upon you that the verdict which you will render should represent the opinion of each one of you acting individually, yet it by no means follows that opinions may not be changed by conference in the jury room.
"The very object of the jury system is to secure unanimity by a comparison of views and by arguments among yourselves. Each of you should listen with deference to the argument of the others, and with a distrust of your own judgment, if you find that a large majority *27 of the jury taking a different view than the view you take.
"You should not go back into your jury room with a blind determination that the verdict shall represent your opinion of the case at this moment, nor should you close your ears to the arguments of your fellow jurymen who are equally honest, and equally intelligent as yourself."
With reference to the "Allen" or "Blockbuster" charge, this court said in Lee:
"While it is very proper that jurors should discuss the evidence among themselves in the jury room, and engage in an exchange of ideas, the court should not so interfere with these deliberations with additional instructions which tend to embarrass a single juror in holding to his honest convictions. Some states have now forbidden the use of the charge in question because of the fact, primarily, that it does have a normal tendency to create the impression that the court is directing that a verdict be brought in and that the minority view in the jury room should simply acquiesce in the judgment of the majority, not because the minority juror or jurors have changed their opinion about the evidence, but simply because they are under a mistaken understanding that it is part of their duty to try to comply with the wishes of the court as expressed in the so called `Allen or Blockbuster' charge. This also tends to prejudice the defendant's right to a hung jury. Nothing should be said by the trial court to the jury that would or could likely influence the decision of a single juror to abandon his conscientious belief as to the correctness of his position."
In the case at bar, after a juror reported to the court that they were not "very close" to arriving at a verdict, the court further instructed the jury:
"In a large proportion of cases, absolute certainty can't be expected. Although a verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, each juror should examine the request submitted with candor and fairness and with a proper regard and a deference to the opinion of others. You should listen to each other's arguments and views with an open mind and in a disposition to be convinced. Just as it is your duty to decide the case with a unanimous verdict if you can conscientiously do so, no juror, however, is expected to yield a conscientious conviction he may have upon the evidence. If, however, the majority of your number are for a conviction, a dissenting juror should consider whether his doubt is reasonable when it has made no impression upon the minds of the other jurors, equally honest and equally intelligent. If, on the other hand, the majority of the jury is for an acquittal, a minority should ask themselves whether they might not reasonably doubt the correctness of their judgment, which is not shared by the majority of their fellow jurors. A jury verdict must be a unanimous verdict of all of you, but it must also be the verdict of each of you.
"And I make these suggestions at this time, and we'll give you some more time to see whether or not you can reconcile your differences and see if you can arrive at a unanimous verdict without yielding the conscientious conviction of your own. If you'd retire to the jury room, we'll give it another try for a while. You may now return to the jury room."
In our view, the giving of the above charge in the case at bar was prejudicial to the rights of the appellant, who was entitled to a fair trial, free of pressure upon a minority juror.
Therefore, the judgment appealed from herein must be, and it is, reversed and the cause remanded for a new trial in accordance with the views hereinabove set forth.
Reversed and remanded for a new trial.
*28 RAWLS, C.J., and JOHNSON, J., specially concur.
RAWLS, Chief Judge (specially concurs).
I concur in the opinion of the majority but am of the view that the giving of the Allen charge in every instance does not constitute prejudicial error. Therefore, the facts surrounding the giving of the charge must be considered.
In the case at bar, the jury deliberated for five and one-half hours at which time the court stated, "I'm going to bring them out and see how close they are." In response to the question of the trial court at this point, "... are you very close to a verdict," a member of the jury responded, "No, sir." A few minutes later the court again brought the jury into the courtroom and the following colloquy took place:
"THE COURT: Ladies and Gentlemen of the Jury, do you believe that you can arrive at a verdict in a short period of time?
JUROR: I believe we're closer to it than we were. I have that idea.
"THE COURT: If I give you another 20 minutes, will that be enough? You want to give it a try for 20 minutes?
"JUROR: All right.
"THE COURT: All right. We'll give you another 20 minutes and see if you can arrive at a verdict within the next 20 minutes. You can retire to the jury room."
Seventeen minutes after the foregoing period of time dictated by the court, the jury returned its verdict.
It is the foregoing factual situation which persuades me to the view that the Allen charge given under such circumstances constituted prejudicial error.
JOHNSON, J., concurs.