290 So.2d 482 (1974)
STATE of Florida, Petitioner,
v.
William Michael BRYAN, Respondent.
No. 44237.
Supreme Court of Florida.
February 20, 1974.
Rehearing Denied April 22, 1974.
*483 Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for petitioner.
Lacy Mahon, Jr., of Mahon & Mahon, and Joseph S. Farley, Jr., Jacksonville, of Mahon & Mahon, for respondent.
DEKLE, Justice.
This cause comes to us on petition for writ of certiorari, asserting direct conflict between the decision below at 280 So.2d 25 (Fla.App.1st 1973), and Lee v. State, 239 So.2d 136 (Fla.App.1st 1970). Conflict exists and we have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A.
Respondent was tried on a charge of 2nd degree murder. Testimony as to some of the critical events occurring at the time of the homicide was directly contradictory. After the jury had deliberated for some five and one-half hours, the court caused them to be returned to see if they were close to reaching a verdict. Upon learning that they were not, the judge delivered an "Allen charge," urging the minority jurors carefully to reconsider their position to see if they could conscientiously agree with that of the majority of the jury; this was a "balanced" charge, and did not per se benefit either side nor urge any juror to abandon his position and merely accept the will of the majority.[1] The jury then retired to deliberate further. After an additional half hour of deliberation, they were again returned to the court, and were asked whether they were closer to reaching a verdict. It was indicated that they were closer to reaching a verdict, and the trial judge allowed them an additional twenty minutes to deliberate. After an additional seventeen minutes of deliberation, the jury returned a verdict finding respondent guilty of manslaughter, a lesser included offense. Respondent argues that the giving of the "Allen charge" was error under the circumstances. We do not think so.
The charge as given by the trial court did not differ materially from the approved condensed charge found in Standard Jury Instruction 2.19. Although *484 it is preferable to use the standard instructions where they are appropriate, as Mr. Justice Adkins pointed out in Rigot v. Bucci, 245 So.2d 51 (Fla. 1971), and Standard Instruction 2.19 should be used in such cases as are appropriate henceforth, the charge given in the instant case was not erroneous. It was a balanced charge, urging neither acquittal nor conviction. The trial judge specifically stated that no juror was to abandon his conscientious convictions.
The use of the "Allen charge" has been approved by the U.S. Supreme Court (Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)), and more recently by the 5th Circuit Court of Appeals (United States v. Bailey, 468 F.2d 652 (C.A. 5, 1972)). It has been implicitly approved in this state in the adoption of Standard Jury Instruction 2.19. We see no reason to disavow its use now. We are urged to disapprove of the use of the "Allen charge" as was done in State v. Marsh, 490 P.2d 491 (Or. 1971); however we note in that case the applicable Oregon law did not require a unanimous verdict in order to convict.
Even assuming arguendo that the trial court committed error in giving this charge, such error was harmless. Although respondent was charged with 2nd degree murder and there was no serious doubt that he had committed homicide of some sort, he was not convicted of murder, but of the lesser offense of manslaughter. More importantly, no motion was ever made for a mistrial on this ground, although a previous prosecution for the same acts ended in a mistrial, so that respondent was aware of his choice to move or not. Choices of "tactics" are for the trial lawyer but he becomes bound by the result of the choice he selects. Under the circumstances, any error was harmless.
Respondent also argues that the trial court erred in permitting the jury another twenty minutes deliberation after they had been recalled and had informed the trial judge that they were closer to reaching a verdict. Again, we must disagree. At no time did the trial judge attempt to coerce the jury into reaching a verdict; nor did he lead them to believe that they must reach a verdict. This period merely allowed them an opportunity to reach a verdict after they had informed the trial judge that they were closer to doing so, and they returned voluntarily short of the allotted time. No error appears.
Accordingly, the decision of the First District Court of Appeal is quashed, and the cause remanded for reinstatement of the verdict and judgment.
It is so ordered.
CARLTON C.J., and ROBERTS, ADKINS and BOYD, JJ., concur.
ERVIN and McCAIN, JJ., dissent.
NOTES
[1] The instruction given in the instant case was:

"In a large proportion of cases, absolute certainty can't be expected. Although a verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, each juror should examine the request submitted with candor and fairness and with a proper regard and a deference to the opinion of others. You should listen to each other's arguments and views with an open mind and in a disposition to be convinced. Just as it is your duty to decide the case with a unanimous verdict if you can conscientiously do so, no juror, however, is expected to yield a conscientious conviction he may have upon the evidence. If, however, the majority of your number are for a conviction, a dissenting juror should consider whether his doubt is reasonable when it has made no impression upon the minds of the other jurors, equally honest and equally intelligent. If, on the other hand, the majority of the jury is for an acquittal, a minority should ask themselves whether they might not reasonably doubt the correctness of their judgment, which is not shared by the majority of their fellow jurors. A jury verdict must be a unanimous verdict of all of you, but it must also be the verdict of each of you.
"And I make these suggestions at this time, and we'll give you some more time to see whether or not you can reconcile your differences and see if you can arrive at a unanimous verdict without yielding the conscientious conviction of your own. If you'd retire to the jury room, we'll give it another try for a while. You may now return to the jury room."