**William Michael BRYAN, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent.**

**No. 74–322–Civ–J–T.**

United States District Court, M. D. Florida, Jacksonville Division.

June 20, 1974.

Joseph S. Farley, Jr., Jacksonville, Fla., for petitioner.

Donald K. Rudser, Tallahassee, Fla., for respondent.

## OPINION AND WRIT OF HABEAS CORPUS

TJOFLAT, District Judge.

On June 30, 1972, petitioner was sentenced to ten (10) years in prison, following a two-and-one-half-day trial for murder and a conviction for manslaughter rendered on June 13, 1972; petitioner began serving his sentence on June 30, 1972. Petitioner was released on bond on August 10, 1973, after having served approximately thirteen (13) months at the Union Correctional Institution, Raiford, Florida, when the Florida District Court of Appeal for the First District reversed the decision of the Circuit Court, and remanded the case for a new trial. Bryan v. State, 280 So.2d 25 (Fla.App.1973). The Florida Supreme Court subsequently quashed the decision of the District Court of Appeal and ordered the verdict and judgment reinstated. State v. Bryan, 290 So.2d 482 (Fla.1974), rehearing denied. As a result, petitioner was ordered to surrender himself on May 23, 1974. By an Order filed May 23, 1974, this Court allowed petitioner to remain free on bail pending a ruling on the petition for habeas corpus filed with this Court on May 16, 1974, pursuant to Title 28, United States Code, Section 2254.

■■ It is clear, at the outset, that petitioner has sufficiently exhausted his available state remedies, since his constitutional claims have been presented to, and ruled upon by, both the District Court of Appeal and the Supreme Court of Florida. The doctrine of exhaustion does not require that he now petition the United States Supreme Court for a writ of certiorari. *See* Fay v. Noia, 372 U.S. 391, 83 S.Ct 822, 9 L.Ed.2d 837 (1963). Furthermore, the fact that petitioner is currently free on bail does not preclude this Court from ruling on his petition. Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

■ Petitioner bases his request for a writ of habeas corpus upon an alleged violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution which resulted when the trial judge coupled an Allen charge, Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), with certain instructions as to how much more time the jury would be allowed to reach a verdict. Petitioner's trial lasted approximately two-and-one-half days. The jury received the case at 3:37 P.M. At approximately 9:07 P.M., after the jury had been deliberating for five-and-one-half hours, the judge returned the jury to the courtroom to determine whether they were close to a verdict. Upon learning that they were

not, the judge gave the following Allen charge:

THE COURT: Be seated there. Let me just say this at this time. In a large proportion of cases, absolute certainty can't be expected. Although a verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, each juror should examine the request submitted with candor and fairness and with a proper regard and a deference to the opinion of others. You should listen to each other's arguments and views with an open mind and in a disposition to be convinced. Just as it is your duty to decide this case with a unanimous verdict if you can conscientiously do so, no juror, however, is expected to yield a conscientious conviction he may have upon the evidence. If, however, the majority of your number are for a conviction, a dissenting juror should consider whether his doubt is reasonable when it has made no impression upon the minds of the other jurors, equally honest and equally intelligent. If, on the other hand, the majority of the jury is for an acquittal, a minority should ask themselves whether they might not reasonably doubt the correctness of their judgment, which is not shared by the majority of their fellow jurors. A jury verdict must be a unanimous verdict of all of you, but it also must be the verdict of each of you.

And I make these suggestions at this time, and we'll give you some more time to see whether or not you can reconcile your differences and see if you can arrive at a unanimous verdict without yielding the conscientious conviction of your own. If you'd return to the jury room, we'll give it another try for a while. You may now return to the jury room. (Transcript at 462-64.)

After the jury had again retired to deliberate, the judge advised counsel that he would call the jury back at 9:37 P.M., saying "[t]hat will be six hours and if they can't arrive at a verdict in six hours, I don't think they ever will." (Transcript at 465.) At 9:37 P.M., the judge did call the jury back, whereupon the following discussion took place:

THE COURT: Ladies and Gentlemen of the Jury, do you believe that you can arrive at a verdict in a short period of time?

JUROR: I believe we're closer to it than we were. I have that idea.

THE COURT: If I give you another 20 minutes, will that be enough? You want to give it a try for 20 minutes?

JUROR: All right.

THE COURT: All right. We'll give you another 20 minutes and see if you can arrive at a verdict within the next 20 minutes. You can retire to the jury room. (Transcript at 466.)

At 9:54 P.M., the jury returned with a unanimous verdict, finding the petitioner guilty of manslaughter.

Objections were made to both the Allen charge and the "20 minute" language, and were overruled. Similarly, motions for a new trial on these grounds were denied. On appeal, the District Court of Appeal ruled that the Allen charge itself violated petitioner's right to a "fair trial, free of pressure upon a minority juror." 280 So.2d at 27. The three-judge panel reversed the decision and remanded the case for a new trial. Two of the judges filed a concurring opinion stating that, while the Allen charge was not impermissible per se, in this case the charge, coupled with the "20 minute" instruction, constituted prejudicial error.

The State then petitioned the Florida Supreme Court for a writ of certiorari. That Court granted the writ, quashed the decision of the District Court of Appeal and ordered the verdict and judgment reinstated, finding that neither the Allen charge nor the "20 minute" instruction constituted prejudicial error. Subsequently, on April 24, 1974, petitioner's request for a rehearing was denied by that court.

The question before this Court is whether the totality of the circumstances surrounding the eventual guilty verdict in this case indicates that the instructions given by ·the judge had a coercive effect upon the jury, so to deprive petitioner of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. It is the opinion of this Court that under the circumstances present petitioner's constitutional rights were abridged. A coercive atmosphere was created in which the jury was forced to deliberate to verdict. The jury had deliberated for five-and-one-half hours without reaching a verdict when the judge delivered the Allen charge. Thirty minutes later, they had still not arrived at a verdict. The judge then informed them that he would give them twenty more minutes, and seventeen minutes later the jury returned a verdict finding petitioner guilty of manslaughter. It is at least a fair inference that had the judge either informed the jury that they would be discharged if they could not reach a verdict, or not told them that they could have only twenty minutes more to decide, the jury would have remained deadlocked. Furthermore, the fact that these events took place at nine o'clock at night, after a two-and-one-half-day trial, cannot be ignored. That the members of the jury would be eager to conclude their deliberations and return to their homes is patent.

This Court is cognizant of the decision of the United States Court of Appeals for the Fifth Circuit in United States v. Bailey, 468 F.2d 652 (5th Cir. 1972), aff'd en banc, 480 F.2d 518 (5th Cir. 1973), upholding the Allen charge. However, the court, in the panel opinion, was quick to point out that while the Allen charge was not impermissible per se, it might "be found coercive under all particular circumstances of a given case." 468 F.2d at 664. It is also true that in *Bailey*, the court, while finding appellant's contentions persuasive, held that "the lateness of the hour, the inclem-ency of the weather, the danger of travel on the roads, and the fact that it was a Friday evening and that many jurors were women," *id.*, did not suffice, as a matter of law, to render the Allen charge coercive. The court felt that its earlier decision in United States v. Betancourt, 427 F.2d 851 (5th Cir. 1970), was controlling on this point. In *Betancourt*, the trial had begun at 9:00 A.M. At 6:13 P.M., the case went to the jury, and at 8:19 P.M. the jury reported that it was deadlocked. Thereupon, the judge gave the Allen charge, and at 10:23 P.M. the jury returned a guilty verdict. While the court of appeals indicated that it might have been wiser for the judge to have recessed at 6:13 P.M. until the next morning, it held that this did not constitute coercion of the jury as a matter of law.

While, of course, this Court is constrained to follow the decisions of the United States Court of Appeals for the Fifth Circuit, it is this Court's opinion that the facts in this case present a substantially greater potential for coercion than did the facts recited in either *Betancourt* or *Bailey*. The chief distinguishing feature is the added instruction by the judge in this case to the effect that the jury would have twenty more minutes to arrive at a verdict, given at 9:37 P.M., after the jury had twice indicated that it was unable to reach a unanimous decision.

In the only analogous reported cases, the courts have found a coercive effect as a result of the trial judge's instructions. In Burroughs v. United States, 365 F.2d 431 (10th Cir. 1966), the jury reported after one hour and twenty minutes that it was deadlocked. This was at 6:25 P.M. The judge proceeded to give the Allen charge, and then told the jury that if they could not reach a verdict by 7:00 P.M. they would recess until the following morning when deliberations would continue. The United States Court of Appeals for the Tenth Circuit found such an instruction to be

impermissible because of its coercive effect on the jury. The court said:

> But, in any event, it is one thing to recall the jury to beseech them to reason together, and it is quite another to entreat them to strive toward a verdict by a certain time. When these admonitions are considered in their context, they are subject to the clear inference that the judge was unduly anxious to conclude the lawsuit, and we think it entirely reasonable to infer that the jury was aware of this anxiety. This type of verdict-urging on the part of the court tends to undermine the proper function of the common law jury system as contemplated by the Seventh Amendment. We must guard against any such subtle inroads. We think the charge in this case went beyond the permissible limits of the Allen charge as it has been construed and approved by this court. *Id.* at 434.

The Tenth Circuit reaffirmed the position espoused in *Burroughs* in Goff v. United States, 446 F.2d 623 (10th Cir. 1971). In *Goff*, the jury had deliberated for approximately six hours over a three-day period when it reported that it was unable to reach a decision. The judge gave the Allen charge, coupled with the instruction: " 'If you cannot (reach a verdict) within, oh, we'll say the next hour or so and probably ought to go to lunch first, then, we'll have to declare a mistrial and set the case down for hearing again.' " *Id.* at 626. To this instruction, the Tenth Circuit responded "[i]t was impermissibly suggestive and coercive for the Court to place a time fuse on the period of jury deliberation. Such constitutes reversible error." *Id.* Similar sentiments have been expressed in United States v. Harris, 391 F.2d 348 (6th Cir. 1968); and United States v. Lansdown, 460 F.2d 164 (4th Cir. 1972). Respondent has cited no cases expressing contrary notions.

This Court concludes, therefore, that as a matter of law the giving of the Allen charge, coupled with the subsequent twenty minute deadline instruction, had a coercive effect on the jury, and thus acted to deprive petitioner of his rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. It is, accordingly,

Ordered that:

1. The Petition for Writ of Habeas Corpus, filed herein on May 16, 1974, is granted.

2. Petitioner, William Michael Bryan, is granted this Writ of Habeas Corpus.

3. The judgment and sentence of petitioner, William Michael Bryan, in Case No. 72–95 in the Criminal Court of Record, Duval County, Florida, rendered on June 30, 1972, is vacated and set aside.

4. The State of Florida shall have 120 days from the date of this Order in which to retry the petitioner or dismiss its case against him.

5. Petitioner shall remain free on his present bond pending the State's decision whether to institute further proceedings.

6. The United States Marshal for the Middle District of Florida, or his authorized representative, is directed to serve a copy of this Opinion and Writ of Habeas Corpus on Louie L. Wainwright, Director, Florida Division of Corrections, Farris Bryant Building, Tallahassee, Florida; and on William Michael Bryan, 7424 Laura Street, Jacksonville, Florida.