PEARSON, Judge.
A jury found the appellant guilty of assault with intent to commit murder and following adjudication and sentence, this appeal was taken. The main thrust of the appeal is that the court erred in giving *69 Standard Jury Instruction 2.19, which is sometimes called a “modified Allen Charge.” Appellant urges that the giving of the charge under the circumstances of this case with an additional instruction to the jury that it should return for one more ballot amounted to a coercion upon the jury to return a verdict regardless of their conscience.
The jury was charged and went into the jury room at 4:33 p. m. At 5:45, the jury sent out word that a question was to be asked. Two written questions were then submitted. One question asked was whether they could split the verdict, i. e., not guilty on murder and guilty on assault to commit a felony. The second question concerned the course of action that would be taken in case of a deadlock. The judge responded that he would instruct them that they should return one verdict on each count and also that he would tell them that if there was, in fact, á deadlock, the court would mistry the case.
After the jury was so instructed, dinner was ordered and the jury returned to the jury room. At 7:37 p. m., the jury submitted another written question: “Did Mrs. Adams identify the defendant [Evans], at any time, during her testimony? If you cannot reply to the above question, can we have a copy of the testimony? As an alternative, would you have the Court Reporter read that portion of the testimony from Mrs. Adams’ testimony, as it was recorded.” The court reporter was not in court. The court then told the jurors that Mrs. Evans’s testimony was not available to be read to them at that time and that they should call upon their memories.
The court them told counsel that he intended to give the Standard Jury Instruction 2.19 at or about 9 o’clock. Defense counsel expressed his opposition to its being given. At 9:41 o’clock the bailiff was instructed by the court to bring in the jury.
The jury returned to the court and the following took place: The court gave the modified Allen Charge, and in addition to this, the court instructed the jury, “ . . . you may retire to the jury room, for further deliberations, and if after an additional vote, the jury appears to be deadlocked, please make that announcement — make it known to the court, and to the defendant.”
The jury retired at 9:48 p. m. and at 10:12 p. m., the court was advised of a verdict, at which time the trial reconvened and the jury returned.
Appellant’s point directed to the giving of the Allen Charge under the circumstances of this case does not present error under the holding of the Supreme Court of Florida in State v. Bryan, Fla.1974, 290 So.2d 482. The appellant has called the attention of this court to an opinion of the United States District Court in subsequent litigation upon the Bryan conviction. That opinion is Bryan v. Wainwright, 377 F. Supp. 766 (M.D.Fla.1974). We have examined this opinion and the reasoning therein contained and we do not find it persuasive for the decision in the instant case.
Appellant’s argument that the giving of the charge was error because of the additional statement by the trial judge that, if after an additional vote the jury appeared to be deadlocked, they should make that announcement, does not present error. Such remarks by the trial judge do not constitute unfair comment having a coer-sive effect on the jury. The additional instruction was not objected to by defendant’s counsel and it did not constitute a deadline for the jury. It is possible that the jury, having reported a deadlock, would have been discharged. It is equally possible that the trial judge would have given an additional instruction which might or might not have been error. It is sufficient for the decision in this case that the comment was calculated to relax the jury and to inform them that they did not have to bring in a verdict and it did not limit their time in any manner. We, there *70 fore, conclude that this point does not present reversible error.
Appellant has presented additional points directed to the sufficiency of the evidence and to the failure of the court to have certain testimony read. We find the evidence is sufficient and that the court is given discretion by rule 3.410, Cr'PR, as to the matter of rereading testimony to the jury. We hold that the facts of this case do not show an abuse of the trial judge’s discretion. This is especially true in view of the fact that no objection was made to the procedure.
Affirmed.