**William Michael BRYAN, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellant.**

**No. 74–3179.**

United States Court of Appeals, Fifth Circuit.

April 16, 1975.

Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellant.

Joseph S. Farley, Jr., Jacksonville, Fla., for petitioner-appellee.

Before GOLDBERG and RONEY, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

The district court ordered release or retrial of a state prisoner on the ground that the jury which convicted him of manslaughter was unconstitutionally coerced by the giving of an *Allen* charge and a subsequent twenty minute deadline to "see if you can arrive at a verdict." Bryan v. Wainwright, 377 F.Supp. 766 (M.D.Fla.1974). Deciding that the coercive effect, if any, of the state trial procedure does not reach constitutional proportions, we reverse with instructions to deny the petition for writ of habeas corpus.

The facts are not in issue, only their effect. The district court relied on the

---

state trial record which revealed the following. Petitioner's trial for murder lasted approximately two and one-half days. Testimony as to some of the critical events occurring at the time of the homicide was directly contradictory. The jury received the case at 3:37 p. m. At approximately 9:07 p. m., after the jury had been deliberating for five and one-half hours, the judge returned the jury to the courtroom to determine whether they were close to a verdict. Upon learning that they were not, the judge gave the following supplemental instructions, which is commonly characterized as an *Allen* charge:

> THE COURT: Be seated there. Let me just say this at this time. In a large proportion of cases, absolute certainty can't be expected. Although a verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, each juror should examine the request submitted with candor and fairness and with a proper regard and a deference to the opinion of others. You should listen to each other's arguments and views with an open mind and in a disposition to be convinced. Just as it is your duty to decide this case with a unanimous verdict if you can conscientiously do so, no juror, however, is expected to yield a conscientious conviction he may have upon the evidence. If, however, the majority of your number are for a conviction, a dissenting juror should consider whether his doubt is reasonable when it has made no impression upon the minds of the other jurors, equally honest and equally intelligent. If, on the other hand, the majority of the jury is for an acquittal, a minority should ask themselves whether they might not reasonably doubt the correctness of their judgment, which is not shared by the majority of their fellow jurors. A jury verdict must be a unanimous verdict of all of you, but it must also be the verdict of each of you.
>
> And I make these suggestions at this time, and we'll give you some more time to see whether or not you can reconcile your differences and see if you can arrive at a unanimous verdict without yielding the conscientious conviction of your own. If you'd retire to the jury room, we'll give it another try for a while. You may now return to the jury room.

After the jury had again retired to deliberate, the judge advised counsel that he would call the jury back at 9:37 p. m., saying "[t]hat will be six hours and if they can't arrive at a verdict in six hours, I don't think they ever will." At 9:37 p. m., the judge did call the jury back, whereupon the following discussion took place:

> THE COURT: Ladies and Gentlemen of the Jury, do you believe that you can arrive at a verdict in a short period of time?
>
> JUROR: I believe we're closer to it than we were. I have that idea.
>
> THE COURT: If I give you another 20 minutes, will that be enough? You want to give it a try for 20 minutes?
>
> JUROR: All right.
>
> THE COURT: All right. We'll give you another 20 minutes and see if you can arrive at a verdict within the next 20 minutes. You can retire to the jury room.

Seventeen minutes later the jury returned with a unanimous verdict, finding Bryan guilty of the lesser included offense of manslaughter.

In exhausting his state remedies, petitioner's argument that the above procedure was impermissibly coercive met with mixed acceptance but ultimate failure. On direct appeal, the Florida First District Court of Appeal reversed the conviction and remanded the case for a new trial because of the giving of the *Allen* charge. Bryan v. State, 280 So.2d 25 (Fla.App.1973). Two members of the three-judge appellate panel stated that, while the *Allen* charge was not impermissible per se, in this case the charge, coupled with the subsequent instruction setting a twenty minute period for deliberation, constituted prejudicial error.

280 So.2d at 28. Granting a writ of certiorari, the Florida Supreme Court reinstated the verdict and judgment of the trial court. In a 5–2 decision, the court found that neither the *Allen* charge nor the twenty minute instruction constituted prejudicial error. State v. Bryan, 290 So.2d 482 (Fla.1974).

The federal district court, however, reviewing the same record that was before the state court, decided that under the totality of the circumstances surrounding the eventual guilty verdict in this case a "coercive atmosphere was created in which the jury was forced to deliberate to verdict." The court concluded that this coercive effect acted to deprive petitioner of his constitutional rights of due process under the Fifth and Fourteenth Amendments. Bryan v. Wainwright, 377 F.Supp. 766, 769 (M.D.Fla.1974). The cases relied on by the district court and cited in its opinion, 377 F.Supp. at 769–770, were direct appeals in which the coercive effect of the facts did not have to rise to the constitutional level of deprivation of due process to merit relief.

A federal writ of habeas corpus is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a).

■ The United States Supreme Court has never receded from its approval of the supplemental charge given in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Although many courts have criticized or discarded the *Allen* charge, we have not been referred to nor found any cases which have based the decision on federal constitutional grounds. This Court has recently once again approved the use of the *Allen* charge, United States v. Bailey, 480 F.2d 518 (5th Cir. 1973) (en banc), but even those courts which no longer approve the *Allen* charge have based their decisions on the general supervisory power of the reviewing court. *See, e. g.,* United States v. Thomas, 146 U.S.App.D.C. 101, 449 F.2d 1177 (1971)

(en banc); United States v. Fioravanti, 412 F.2d 407 (3d Cir.), cert. denied, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969); Winters v. United States, 317 A.2d 530 (D.C.Ct.App.1974); People v. Sullivan, 392 Mich. 324, 220 N.W.2d 441 (1974), each of which cites many additional cases concerning the *Allen* charge. It is, therefore, left to each state to make its own decision as to the usefulness of this type of instruction.

■ The point for decision in this case then is whether the subsequent colloquy between the state trial judge and the jury which resulted in an additional twenty minute period for deliberation raised the approved impact of the *Allen* charge to unconstitutional coercion.

It is now well settled that "[u]nless there is a clear showing that the errors complained of were so gross or the trial was so fundamentally unfair, habeas corpus will not lie to set aside a conviction on the basis of improper instructions." Young v. Alabama, 443 F.2d 854, 855 (5th Cir. 1971), cert. denied, 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972); *accord,* Pleas v. Wainwright, 441 F.2d 56 (5th Cir. 1971).

Viewed in the totality of circumstances, we think the district judge erred in deciding from the state record that the jury was necessarily coerced to the point of constitutional prejudice to the defendant. *Cf.* Basker v. Crouse, 426 F.2d 531 (10th Cir. 1970); Connor v. Deramus, 374 F.Supp. 504 (M.D.Pa.1974). Having decided that the comment of the judge was not so prejudicial as to make the trial fundamentally unfair it becomes unnecessary to revisit the results reached in United States v. Amaya, 509 F.2d 8, (5 Cir. 1975), and Thaggard v. United States, 354 F.2d 735, (5 Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966), in the exercise of our supervisory power over proceedings in federal courts. The petition for writ of habeas corpus should have been denied.

Reversed.