**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No.  93-8563

MICHAEL J. BOYD,

Petitioner-Appellee,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
and DAN MORALES, Attorney General,

Respondents-Appellants.

Appeal from the United States District Court
For the Western District of Texas
(92-CV-497)

(December 30, 1994)

Before REYNALDO G. GARZA, WIENER, and EMILIO M. GARZA, Circuit
Judges

PER CURIAM[*]:

In this appeal by the Attorney General and the Director of the

Department of Criminal Justice of the State of Texas, Respondents-

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Appellants Wayne Scott and Dan Morales (hereafter "Scott"), challenge a district court order granting Petitioner-Appellee Michael Boyd a writ of habeas corpus. Scott asserts that the district court erred in concluding that Boyd's trial was fundamentally unfair as a result of the state trial court's giving an Allen charge that unconstitutionally coerced the jury into reaching a verdict. Scott also contends that, as the state court of appeals based its rejection of Boyd's claim regarding the Allen charge on adequate and independent state procedural grounds, Boyd's claim was procedurally barred from federal court review. Thus, Scott asserts, the district court erred procedurally in reviewing Boyd's claim and substantively in granting his petition for writ of habeas corpus.

Our de novo review of this appeal leads us to conclude that, as the state appellate court failed to state clearly and expressly that its rejection of Boyd's claim rested on adequate and independent state procedural grounds, his claim was not procedurally barred from federal review. As such, we are convinced that the district court did not err in reviewing Boyd's claim.

We are equally convinced, however, that the district court did err when it determined that the Allen charge given to the jury rose to the level of a constitutional violation. Although we have reviewed similar Allen charges on direct appeal, and have held that the charges were coercive, we here conclude that, pursuant to the level of review required for federal habeas cases, the instant Allen charge did not render Boyd's trial fundamentally unfair. As

2

such, Boyd's constitutional due process right was not violated.

Based on these conclusions we reverse the district court's order

granting Boyd's petition for writ of habeas corpus and remand for

dismissal in accordance with this opinion.

I
FACTS AND PROCEEDINGS

Michael Boyd was charged in state court with first-degree

felony aggravated sexual assault, to which he pleaded not guilty.

Boyd's case was tried before a jury which, after hearing evidence

for three days, began its deliberations on the fourth day of the

trial.  After approximately five hours of deliberation, the jury

notified the judge that it could not reach a unanimous decision.

In response to that information the trial judge read the following

supplemental <u>Allen</u> charge[1] to the jury.

> In response to the information you have given me, I give
> you the following instructions, and I want you to pay
> close attention to what I tell you:
>
> You should endeavor to reach an agreement if at all
> possible.  Some jury, sometime, will have to decide this
> question.
>
> The issue has been tried out very ably by both sides, who
> have presented this evidence to you, and <u>a decision has
> to be reached by a jury</u>.  <u>You are that jury</u>, and it seems
> to me that you ought to make every effort to arrive at a
> unanimous verdict and to reach a conclusion.
>
> Of course, the verdict of the jury should represent the
> opinion of each individual juror.  But that does not mean

---

[1]<u>Allen v. United States</u>, 164 U.S. 492 (1896). The phrase
"<u>Allen</u> charge" refers to supplemental jury instructions that urge
deadlocked juries to forego their differences in order to reach a
unanimous verdict.  The original <u>Allen</u> charge urged the minority of
the jury to consider the views of the majority in an effort to
determine whether the minority views were reasonable under the
circumstances.  <u>Id.</u> at 501.

that the opinion may not be changed by a conference in the jury room.

The very object of the jury system is to secure unanimity by comparison of views and by argument among the jurors themselves.

Each juror should listen with deference to the arguments of the other jurors, and with a distrust of his own judgment if he finds that a large majority of the jury takes a different view of the case from what he, himself takes.

No juror should go to the jury room with a blind determination that the verdict should represent his opinion of the case at that moment, or that he should close his ears to the arguments of other jurors who are equally honest and intelligent as himself.

Accordingly, although your verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of your fellow jurors, the Court instructs you, however, that you should examine what has been submitted to you with an open mind, and with candor and proper regard and deference to the opinion of each other.

It is your duty to decide the case if you can conscientiously do so.

You should listen to each other's arguments with a disposition to be convinced. If much the larger number favor one side or the other, a dissenting juror should consider whether, in the light of the opinions that are expressed by the other jurors in the jury room, he is not in error as to his views.

I want you to go back to the jury room and continue your deliberations. Discuss the matter among yourselves in a friendly spirit and endeavor to agree upon a verdict.

These are the instructions of the Court.

Approximately one hour and twenty minutes after hearing the

Allen charge, the jury reached a unanimous guilty verdict.[2]

Boyd appealed his conviction to the Texas Fourth Court of

---

[2]Boyd objected to the supplemental instruction before it was read on the ground that it forced the minority jurors to change their views.

4

Appeals, which affirmed the trial court judgment. The Texas Court of Criminal Appeals refused Boyd's petition for discretionary review, and dismissed without prejudice Boyd's subsequent application for a state writ of habeas corpus. Boyd then petitioned a federal district court for a writ of habeas corpus, alleging that the Allen charge that was given to the jury violated his right of due process in that it unconstitutionally coerced the jury into reaching a verdict.

A magistrate judge reviewed Boyd's petition for habeas corpus relief and concluded that the Allen charge that was given here unconstitutionally coerced the jury into reaching a verdict, thus making Boyd's trial fundamentally unfair. Consequently the magistrate judge recommended that the district court grant Boyd's petition for habeas corpus. Scott objected to the magistrate judge's recommendation, contending that any inherent coerciveness in the Allen charge did not rise to the level of a constitutional violation, the level of harm required for a grant of federal habeas corpus relief. Scott also asserted for the first time that Boyd's claim was barred procedurally from federal court review.

In response to Boyd's objections the magistrate judge issued a second memorandum and recommendation, concluding that Boyd's claim was not procedurally barred. The magistrate judge determined that even if Boyd's claim was defaulted procedurally, the default was excusable as it was caused by ineffective assistance of trial counsel. The magistrate judge recommended that Scott's procedural default defense be rejected. The district court ultimately adopted

the magistrate judge's memoranda and recommendations, rejecting Scott's objections, vacating Boyd's state court conviction, and granting Boyd's petition for writ of habeas corpus.  Scott appeals the district court order that granted a writ of habeas corpus to Boyd.

## II
## ANALYSIS

A. STANDARD OF REVIEW

In appeals pertaining to habeas corpus, we review the district court's findings of fact for clear error and rulings of law *de novo*.[3]  Thus, we review de novo this appeal which challenges both the district court's determination that Boyd's claim was not barred procedurally and that court's determination that Boyd's petition for writ of habeas corpus should be granted because the instant Allen charge was unconstitutionally coercive.[4]

B. PROCEDURAL BAR[5]

---

[3]Williams v. Collins, 16 F.3d 626, 630 (5th Cir. 1994), cert. denied, 115 S.Ct. 42 (1994); see also, Baty v. Balkom, 661 F.2d 391, 394 n.7 (5th Cir. 1981) (stating that standard of review for questions of law and mixed questions of fact and law allows reviewing court to substitute its judgment for that of lower court), cert. denied, 456 U.S. 1011 (1982).

[4]We note that the standard of review for an Allen charge raised on direct appeal is not the same as for an Allen charge raised pursuant to a writ for habeas corpus.  Errors complained of in a petition for habeas corpus must rise to the level of a constitutional violation, whereas, on direct appeal the error complained of must rise to the level of plain error.

[5]BOYD CLAIMS THAT, AS SCOTT'S OBJECTIONS TO THE MAGISTRATE'S REPORT WERE FILED AFTER THE TEN DAY FILING DEADLINE PRESCRIBED BY 28 U.S.C. § 636(B)(1), THE OBJECTIONS WERE WAIVED AND CANNOT BE RAISED ON APPEAL.  See 28 U.S.C. §636(b)(1) (1988) (requiring party to serve and file written objections to magistrate's proposed findings and recommendations within ten days of being served).

Scott asserts that the district court erred in reviewing Boyd's claim because the state court of appeals had addressed and rejected Boyd's claim on grounds of adequate and independent state procedure.[6] If a state court decision rejecting a federal habeas petitioner's constitutional claim "rests on an adequate and independent state procedural bar, and does not fairly appear to

---

This claim is without merit in that Scott's objections were timely pursuant to Rule 6 of the Federal Rules of Civil Procedure, which excludes weekends and legal holidays from the computation of the ten day period. See FED. R. CIV. P. 6 (1994) (providing that when period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation). Scott received the magistrate's memorandum and recommendation on Thursday, March 25, 1993, and filed his objections on Tuesday, April 6, 1993. Pursuant to Rule 6 the two intermediate weekends between these dates are excluded from computation. Thus, Scott's objections were timely.

[6]Scott bases this argument on the portion of the state court opinion that addresses Boyd's objection made at trial before the Allen charge was read to the jury. (Boyd objected to the charge on the ground that it was coercive and forced the minority jurors to change their views.) The court noted that

> Defense counsel [Boyd] objected to specific language in the charge, but not to the language complained of on appeal. To preserve error a trial objection must distinctly specify each ground of objection. TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp. 1988). Objections to the charge must be made before it is read to the jury, and must specify every ground of objection. Blackwell v. State, 294 S.W. 852, 854-55 (Tex. Crim. App. 1927). The error asserting improper instruction is based on a claim which was not presented as a timely objection to the trial court's charge. Given the objection made on appeal, the court would have had an opportunity to delete the complained of language.

Boyd v. State of Texas, No. 04-87-00139CR, 9-10 (Tex. Ct. App. - San Antonio [4th Dist.] 1988). Scott asserts that the state procedural rule - that an objection at trial must correspond to the point of error on appeal - is strictly and regularly followed by the Texas courts, thereby satisfying the "adequacy" requirement for a procedural bar.

7

rest primarily on federal law, we may not review the merits of the federal claim absent a showing of cause and prejudice for the procedural default, or a showing that our failure to review the claim would result in a complete miscarriage of justice."[7] Procedural default does not bar consideration of a federal claim, however, unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.[8] Furthermore, when a state court concludes that an issue is rejected on the basis of state procedural grounds, but also reaches the merits of a case, the state court must make a stronger showing that it relied on its rules of procedure to reach its conclusion and not on the merits of the federal claim.[9]

---

[7]Young v. Herring, 938 F.2d 543, 546 (5th Cir. 1991)(citing Coleman v. Thompson, 501 U.S. 722 (1991)), cert. denied, 112 S.Ct. 1485 (1992); accord Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)(when state court decision fairly appears to rest primarily on federal law, or interwoven with federal law, and when adequacy and independence of state law ground is unclear, Court presumes there is no independent and adequate state law ground for state court decision).
"A state procedural ground to bar consideration of an issue is not adequate unless it is 'strictly or regularly followed.'" Wilcher v. Hargett, 978 F.2d 872, 879 (5th Cir 1992) (quoting Johnson v. Mississippi, 486 U.S. 578, 587 (1988)), cert. denied 114 S. Ct. 96 (1993).

[8]Harris v. Reed, 489 U.S. 255, 263 (1989). This clear and express statement is also referred to as the "plain statement requirement." But see, Young v. Herring, 938 F.2d 543, 549 (5th Cir. 1991) (state court decision may be ambiguous for purposes of "plain statement requirement" if we cannot ascertain whether state court based decision on merits of federal claim or on state procedural bar), cert. denied, 112 S. Ct. 1485 (1992).

[9]Id. "The key is not the clarity of the state court's language, or even whether the state court addressed the merits of the federal claim, but whether the state court may have based its decision on its understanding of federal law." Id. at 553-54. A state court may address the merits of a federal claim in an

In responding to Scott's claim that Boyd's petition was barred procedurally, the magistrate judge found that, even though the state court noted that Boyd's failure to object specifically to the language complained of on appeal ("you are that jury") was barred procedurally pursuant to state law,[10] the court also reached the merits of the issue based on federal law to conclude that the <u>Allen</u> charge did not have a coercive effect on the jury. The magistrate judge concluded that, as the state court decision was interwoven with federal law, and did not express clearly that its decision was based on state procedural grounds, Boyd's claim was not procedurally barred from review.[11]

_____

<u>alternative</u> holding without permitting federal review if the original holding is based on adequate and independent state grounds, and if such results and reasons are stated clearly and expressly. <u>Id</u>. at n.12.

[10]<u>See</u> TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp. 1988) (requiring that trial objection to charge must distinctly specify each ground of objection in order to be preserved for appeal).

[11]Scott asserts that when a state court bases its decision on the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good cause and prejudice, deny habeas relief because of the procedural default. <u>See</u> <u>e.g.</u>, <u>Harris v. Reed</u>, 489 U.S. 255, 264 n. 10 (1989)(requiring federal court to honor a state court holding that presents sufficient basis for the judgment even if state court established <u>alternative</u> holding by relying on federal law). The magistrate considered this argument, and while agreeing with Scott's basic premise, reiterated that in this case, it was not clear that the state court's discussion of the merits was, as suggested by Scott, an alternative holding.
Scott contends that it is standard practice in Texas for a state court to address the merits of a claim such as Boyd's, because under Texas law, a trial error which is so egregious as to constitute 'plain error' does not require objection at trial in order to justify reversal. Scott asserts that the state court's substantive look at Boyd's claim was merely an inquiry into whether an <u>Allen</u> charge is so prejudicial as to dispense with the procedural requirement of an objection. This argument is

9

Our de novo review of the state appellate court opinion confirms the findings of the magistrate judge. Thus we conclude that the issue is not procedurally barred from federal habeas review, so the district court did not err in reviewing Boyd's claim regarding the <u>Allen</u> charge.

C. THE <u>ALLEN</u> CHARGE

    1. <u>The District Court's Analysis</u>

"'To obtain review of a state court judgment under [28 U.S.C.] § 2254, a prisoner must assert a violation of a federal constitutional right.'"[12] "A federal writ of habeas corpus is available to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"[13] Thus, a federal court reviewing a petition for a writ of habeas corpus must consider whether, under the totality of the circumstances, the errors complained of were so gross or the trial was so fundamentally unfair that the petitioner's constitutional rights were violated.[14]

In granting Boyd's petition for writ of habeas corpus, the district court adopted the magistrate judge's conclusion that the

---

unpersuasive in that nothing in the record indicates that the court discussed the merits of Boyd's claim in order to bolster its conclusion the claim was barred based on state procedural grounds.

[12]<u>Gray v. Lynn</u>, 6 F.3d 265, 268 (5th Cir. 1993) (<u>quoting</u> <u>Lowery v. Collins</u>, 988 F.2d 1364, 1367 (5th Cir. 1993).

[13]<u>Bryan v. Wainwright</u>, 511 F.2d 644, 646 (5th Cir. 1975) (citing 28 U.S.C.A. §2254(a)), <u>cert. denied</u>, 423 U.S. 837 (1975).

[14]<u>Id</u>. (citing <u>Young v. Alabama</u>, 443 F.2d 854, 855 (5th Cir. 1971), <u>cert. denied</u>, 405 U.S. 976 (1972).

<u>Allen</u> charge in issue was so coercive that it rendered Boyd's trial fundamentally unfair. The court held that, as Boyd's right of due process was violated, he was entitled to habeas corpus relief. Scott appeals, asserting that the coercive effect, if any, of the <u>Allen</u> charge did not rise to the level of a constitutional violation. Thus, Scott argues, the court erred in granting Boyd's petition for writ of habeas corpus. We agree.

In his first memorandum the magistrate judge acknowledged the general rule that a federal court will reverse a state court conviction based on an erroneous jury instruction only when the instruction in question renders the entire trial fundamentally unfair.[15] The magistrate judge reasoned that, as the district court was faced with an <u>Allen</u> charge that had been expressly recognized as inherently coercive by both state and federal courts years before, the logical conclusion was that the instant <u>Allen</u> charge rendered Boyd's trial fundamentally unfair.[16]

---

[15]<u>See</u> <u>e.g.</u>, <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154 (1977) (articulating that burden of demonstrating that erroneous instruction was so prejudicial that it supports a collateral attack on constitutional validity of state court judgment is greater than showing required to establish plain error on direct appeal).

[16]<u>See</u> <u>e.g.</u>, <u>Jenkins v. United States</u>, 380 U.S. 445, 446 (1965) (holding that charge that said "[y]ou have got to reach a decision in this case" was coercive); <u>see</u> <u>also</u> <u>United States v. Duke</u>, 492 F.2d 693, 697 (5th Cir. 1974) (noting that state court's instruction ". . . a decision has to be reached by a jury. You are that jury," was coercive); <u>see</u> <u>also</u> <u>Edwards v. State</u>, 558 S.W.2d 452, 454 n.1 (Tex. Crim. App. 1977) (stating that it was unnecessary for court to address whether court's instructions placed undue duress and pressure on jury, but calling attention to coercive jury instruction given in <u>Duke</u>).
The magistrate likened the language in issue - "a decision has to be reached by a jury. You are that jury" - to the coercive supplemental instruction in <u>Jenkins</u>. Of importance, however, is

The magistrate judge also found that, as the additional circumstances surrounding the <u>Allen</u> charge increased the likelihood that the jury was coerced, it followed that the <u>Allen</u> charge, plus the additional circumstances, rendered Boyd's trial unfair. This judge considered relevant the facts that (1) the charge was given on the first day of jury deliberations after less than 4 1/2 hours of deliberating; (2) the court gave the instruction after receiving the first note of its kind that the jury was deadlocked; (3) there was no initial direction from the judge to merely continue deliberations; and (4) one hour after hearing the <u>Allen</u> charge, the jury reached a guilty verdict.

The magistrate judge bolstered his conclusion that the <u>Allen</u>

the fact that the Court in <u>Jenkins</u> did not base its opinion that the instruction was coercive on constitutional grounds. Rather, the Court based its decision on its supervisory power over federal courts. <u>See</u> <u>e.g.</u>, <u>Lowenfield v. Phelps</u>, 484 U.S. 231, 239 n. 2 (1988) (noting that, as ruling in <u>Jenkins</u> was based on the Court's supervisory powers, it is not helpful in resolving petitioner's federal habeas claim, which must rise to level of a constitutional violation).

The magistrate also relied on <u>Duke</u>, in which the district court gave an <u>Allen</u> charge almost identical to the one given at Boyd's trial. We concluded in <u>Duke</u> that the language used by the district court judge - ". . . a decision has to be reached by a jury. . . You are that jury" - was coercive. We noted that while the charge contained qualifying language that tended to ameliorate the coercive language of the charge, we were unwilling to "speculate on whether the jury was disabused of what it had just been told, which was that a jury was required to reach a decision and it was that jury." <u>Duke</u>, 492 F.2d at 697.

We specifically note in response to the magistrate's reliance on <u>Duke</u>, that our role in <u>Duke</u> (a direct appeal) was a supervisory role over the district court, whereas our role in this appeal is to review the charge in issue to determine whether the petitioner's constitutional rights have been violated. Unlike the instant appeal, <u>Duke</u> did not require that we assess the totality of the circumstances to determine whether the <u>Allen</u> charge itself and the surrounding circumstances rendered the entire trial fundamentally unfair.

12

charge was unconstitutionally coercive by testing his findings under our two-pronged standard used for such determinations.[17]  The judge reasoned that, as it was highly likely that the inherently coercive language, used in combination with the surrounding circumstances, coerced the jury into reaching a verdict, it was proper to conclude here that Boyd's jury had been coerced.  Based on this conclusion the magistrate judge recommended that Boyd's petition for habeas corpus be granted on the ground that Boyd's trial was fundamentally unfair.

    2. Our De Novo Review of the Allen Charge

    As we begin our de novo review of the instant Allen charge, we note again that a collateral attack on a state court judgment involving an Allen charge requires us to look at the totality of the circumstances to determine whether a constitutional violation has occurred.  At this level of analysis we consider briefly two habeas cases that establish the basis for our conclusion.

    In Lowenfield v. Phelps[18] a habeas petitioner asserted that the conduct of a Louisiana state court - which included an Allen charge

---

[17]This two-pronged standard considers whether (1) the semantic deviation from approved Allen charges is so prejudicial to the defendant as to require reversal, and (2) the circumstances surrounding the giving of an approved Allen charge are coercive. See e.g., United States v. Heath, 970 F.2d 1397, 1406 (5th Cir. 1992) (reviewing modified Allen charge for compliance with semantic deviation from approved Allen charges, and assessing coerciveness of surrounding circumstances), cert. denied, 113 S. Ct. 1643 (1993); United States v. Lindell, 881 F.2d 1313, 1321 (5th Cir. 1989) (same), cert. denied, Kinnear v. United States, 493 U.S. 1087 (1990) and 496 U.S. 926 (1990); United States v.Bottom, 638 F.2d 781, 787 (5th Cir. 1981) (same).

[18]484 U.S. 231, (1988)

13

plus two separate polls of the jury - coerced the jury into sentencing him to death. The state court gave an <u>Allen</u> charge to the jury before sentencing deliberations commenced. At the same time the court instructed the jury that, pursuant to Louisiana law the court would impose a sentence of life imprisonment without benefit of probation, parole, or suspension of sentence if the jury did not decide on a penalty. Later, after the jury notified the court that it was unable to reach a decision, the court polled the jurors twice, asking them whether they felt that further deliberations might help them reach a verdict. In addition to polling the jury, the court repeated the instructions it had given to the jurors before they began deliberating. The jury reached a decision within thirty minutes after being polled the second time, and after hearing the second set of instructions from the court.

Lowenfield petitioned the federal court for a writ of habeas corpus, asserting that his constitutional rights had been violated when his deadlocked jury was coerced into reaching a sentence. We denied the petitioner relief, affirming the district court's decision that the conduct of the state court did not render the petitioner's trial fundamentally unfair.[19] After granting certiorari, the Supreme Court held that the conduct of the state

---

[19]<u>Lowenfield v. Phelps</u>, 817 F.2d 285, 293 (5th Cir. 1987), <u>aff'd</u>, 484 U.S. 231 (1988). We agreed with the district court that a review of record did not demonstrate that the jury instruction was coercive to the extent that the trial was rendered fundamentally unfair. We noted that the jury had deliberated nine and one-half hours before reaching a verdict in the penalty phase, reasoning that this length of time supported our conclusion that the jury was not coerced into reaching a sentence.

14

court - polling the jury and issuing an <u>Allen</u> charge that encouraged jurors to decide the case for themselves but only after discussion and impartial consideration of the case with the other jurors - was not coercive in such a way as to deny the petitioner his constitutional rights.[20]

In <u>Bryan v. Wainwright</u>[21] we reviewed a district court decision that granted federal habeas relief to a state prisoner. In granting the petition the district court found that the state court jury was coerced when that court *sua sponte* called the jury back into the courtroom (on two separate occasions), and gave an <u>Allen</u> charge and a twenty minute deadline in which to see if the jury court reach a verdict.[22] On appeal, we determined that the comments

---

[20]<u>Lowenfield</u>, 484 U.S. at 240-41.

[21]511 F.2d 644, (5th Cir. 1975), <u>cert. denied</u>, 423 U.S. 837 (1975).

[22]<u>Id</u>. at 645. The jury had been deliberating for five and one-half hours when the court called them back to the courtroom *sua sponte* to determine whether they were close to a verdict. Upon learning that the jury was not close to a verdict the court gave the jury an <u>Allen</u> charge and dismissed them to continue deliberating. One-half hour later the court called the jury back into the court room and asked if the jury believed that they could arrive a verdict in a short period of time. The court then gave the jury an additional twenty minutes and told the jury "we'll see if you can arrive at a verdict within the next twenty minutes." Within seventeen minutes the jury returned with a guilty verdict. <u>Id</u>. On appeal, the district court determined that a "coercive atmosphere was created in which the jury was forced to deliberate to verdict." <u>Id</u>. at 646, quoting <u>Bryan v. Wainwright</u>, 377 F. Supp. 766, 769 (M.D. Fla. 1974), <u>rev'd</u> 511 F.2d 644 (5th Cir. 1975), <u>cert. denied</u>, 423 U.S. 831 (1975). The court concluded that the total coercive effect deprived the petitioner of his constitutional rights of due process under the Fifth and Fourteenth Amendments, thereby requiring the court to grant the petitioner's writ of habeas corpus. <u>Id</u>. We reversed the district court on appeal, concluding that the level of coercion, if any, did not rise to the level of a constitutional violation.

of the judge were not so prejudicial as to make the petitioner's trial fundamentally unfair. We held that the coercive effect, if any, of the state trial procedure did not reach constitutional proportions, and we reversed the district court's decisions with instructions to deny the petition for writ of habeas corpus.[23]

Relying on the facts of Lowenfield and Bryan as indicative of the degree of coercion necessary to support a writ of habeas corpus, we are convinced that the instant Allen charge does not rise to the level of a constitutional violation and thus cannot support a petition for habeas corpus. Stated differently, we are not convinced that Boyd's Allen charge unconstitutionally coerced this jury into reaching a verdict. We disagree, however, with the magistrate judge's determination that, standing alone, the Allen charge was coercive in that it essentially told the jury that it had to reach a verdict. Admittedly, the state court did say that "a decision has to be reached by a jury," and "you are that jury." We note, however, that the court also instructed the jury that (1) it should "endeavor to reach an agreement if at all possible," (2) it "ought to make every effort to arrive at a unanimous verdict," (3) the "verdict must be the verdict of each individual juror and not mere acquiescence," (4) it has the "duty to decide the case if you can conscientiously do so," and (5) it should return to the

_____

[23]Id. at 646. In reversing the district court in Bryan, we noted specifically that the district court relied on direct appeal cases in which the coercive effect of the facts did not have to rise to the constitutional level of deprivation of due process to merit relief. Id.

16

jury room and "endeavor to agree upon a verdict." Looking at the entire text of the charge, in the full context of the case, we are convinced that the instruction did more to <u>encourage</u> the jurors to reach a verdict than it did to coerce them. Thus, we conclude that the phrase "you are that jury" was not unconstitutionally coercive; in the totality of the circumstances we do not believe that that phrase forced the jury to reach a verdict.

In addition, after reviewing the additional circumstances surrounding the charge, we are even more firmly convinced that any coerciveness generated by the court's instruction fell short of the level of a constitutional violation. The jury deliberated between 4 1/2 and 5 hours before it notified the court that it was deadlocked. Only after hearing that the jury was deadlocked did the court read the <u>Allen</u> charge and encourage the jury to continue deliberating. Approximately one hour and twenty minutes after hearing that charge the jury returned with its verdict. Clearly, having determined in <u>Bryan</u> that the court's conduct of spontaneously summoning the jury, giving an <u>Allen</u> charge before being notified that the jury was deadlocked, and imposing a quick "turn-around" deadline in which to try to reach a verdict, did not render a trial fundamentally unfair, we cannot now hold unconstitutionally coercive the instant situation in which (1) the jury deliberated for approximately the same amount of time as the <u>Bryan</u> jury before notifying the court that it was deadlocked, and (2) the court gave no apparent deadline or otherwise pressured the jury to reach a verdict.

Similarly, as we concluded in <u>Lowenfield</u> that there was no unconstitutional coercion when the court twice polled the jury, reiterated a supplemental jury charge, and told the jurors that if they failed to determine a penalty the court would impose its own sentence, it must follow here, under palpably less egregious circumstances, that there is no unconstitutional coercion. When we review all the factors together we are convinced that Boyd's jury was not unconstitutionally coerced into reaching a verdict. We conclude, therefore, that the district court erred in granting Boyd's petition for habeas corpus based on its finding that the <u>Allen</u> charge given by the state court rendered Boyd's trial fundamentally unfair.

### III
### CONCLUSION

Federal habeas corpus will not lie unless an error was so gross or a trial was so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial was so fundamentally unfair we review the putative error at issue, looking at the totality of the circumstances surrounding that error for a violation of the petitioner's constitutional rights.

Although previous <u>direct</u> appeal cases have held that <u>Allen</u> charges similar (and almost identical) to Boyd's <u>Allen</u> charge were coercive, prior federal habeas cases have held that similar <u>Allen</u> charges accompanied by more egregious circumstances did not merit relief. We conclude, therefore, after reviewing the instant <u>Allen</u> charge in its full context, and in conjunction with the totality of

18

the circumstances surrounding the charge, that the district court erred in determining that the <u>Allen</u> charge given at Boyd's state court trial rendered the trial fundamentally unfair, requiring that court to grant Boyd's petition for habeas corpus relief and vacate his sentence.  Thus, we reverse the district court order granting Boyd's writ of habeas corpus and remand this case to that court for the purpose of dismissing Boyd's habeas petition.

REVERSED AND REMANDED.

Reynaldo G. Garza, Circuit Judge dissenting;


   I respectfully dissent because I have always felt that the type of <u>Allen</u> charge given by the state district judge in this criminal case was coercive and deprived Boyd of a fair trial.  I would therefore affirm the district court's granting of a new trial.