IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30908
Summary Calendar
_____

ROBERT WILLIAMS,

                                    Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1136-H
--------------------
July 22, 1999

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Appellant Robert Williams, Louisiana state prisoner # 87511,
has appealed the denial of habeas relief relative to his
conviction of aggravated rape.  We DENY his application for the
appointment of counsel and AFFIRM the district court's judgment.

    Williams contends that he is entitled to relief on grounds
that the trial court's jury charge on reasonable doubt violated
his constitutional rights as set forth in Cage v. Louisiana, 498
U.S. 39 (1990).  The dispositive appellate issue is whether the
district court reversibly erred by holding that this claim is

_____

        * Pursuant to 5TH CIR. 19 CIR. R. 47.5, the court has
determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH
CIR. 19 CIR. R. 47.5.4.

procedurally barred. See Boyd v. Scott, 45 F.3d 876, 879-80 (5th Cir. 1994).

After the trial court denied Williams's first application for postconviction relief, the Louisiana Supreme Court denied his application for writs. State ex rel. Williams v. Whitley, 584 So. 2d 1155 (La. 1991). Thereafter, Williams filed a pleading which, he contends, was merely supplemental to his original postconviction application. In the pleading he alleged his Cage claim for the first time.

The state trial court denied relief on grounds that the claim "could have been raised in the previous post-conviction relief motion, but for whatever reason was not." The court correctly held that the claim should have been raised in Williams's first petition, even though Cage had not yet been decided. See James v. Cain, 50 F.3d 1327, 1332-34 (5th Cir. 1995). The Louisiana Supreme Court denied Williams's application for writs. State ex rel. Williams v. Whitley, 653 So. 2d 585 (La. 1995). As the district court held, Williams's contention that his second application for postconviction relief was merely a continuation of his first such application is frivolous.

Williams asserts that his Cage claim is not barred because the trial court proceedings failed to comply with La. Code Crim. Proc. Ann. art. 930.8 (West 1998), which provides rules for the statute of limitations applicable to postconviction relief. This lacks merit because the state court denied relief on grounds that the Cage claim could have been raised in Williams's first

application.   <u>See</u> La. Code Crim. Proc. Ann. art. 930.4 (West 1998).   Thus, the statute of limitations was not implicated.

Finally, Williams contends that the state trial court denied him due process by not giving him an opportunity to explain why he had not included his <u>Cage</u> claim in his first petition for postconviction relief.   This is refuted by the transcript of the hearing which the state court held on Williams's "supplemental" application.

APPLICATION FOR APPOINTMENT OF COUNSEL DENIED; JUDGMENT AFFIRMED.