**Darryl BLUE Petitioner**

v.

**Robert ARMSTRONG, et al. Respondents**

**No. CIV.A. 3:01CV19WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 1, 2002.

Darryl Blue, Meridian, MS, Pro se.

Michael C. Moore, Office of the Attorney General, Jackson, MS, for Mississippi Department of Corrections, defendant.

### ORDER OF DISMISSAL

WINGATE, District Judge.

Before the court is the Report and Recommendation of the United States Magistrate Judge which directs the respondents to file an answer to the instant petition for habeas corpus relief submitted by Darryl Blue on January 10, 2001. The petition does not attack Blue's conviction and sentence; instead, Blue complains, essentially, that he was stripped of meritorious earned time without due process. The respondents filed a motion to dismiss this petition on May 15, 2001, claiming that the petitioner had failed to exhaust his administrative remedies; however, the petitioner submitted to the Magistrate Judge several documents pertaining to his unsuccessful attempts to obtain administrative relief. According to the Magistrate Judge, the petitioner was punished for leaving an area of supervision without permission. The penalty imposed, says the Magistrate Judge, included the loss of earned time, plus the loss of meritorious earned time. Nothing was presented to the Magistrate Judge by the respondents to explain that Policy 15–01 of the Mississippi Department of Corrections permits the loss of all forms of earned time. Thus, the Magistrate Judge concluded that the matter should be explored more fully and denied the respondents' motion to dismiss the petition.[1]

Meanwhile, on November 12, 2001, the petitioner was discharged from custody of the Mississippi Department of Corrections

---

1. In *Malchi v. Thaler,* 211 F.3d 953, 956 (5th Cir.2000), the Fifth Circuit concluded that Texas prisoners have "a constitutional expec-

tancy of early release" created by a mandatory supervision scheme and based on earned good time credits.

due to the expiration of his sentence. The Magistrate Judge was not notified of this occurrence either by the petitioner or the respondent. Thus, on February 4, 2002, the Magistrate Judge entered his Report and Recommendation in this case denying the respondents' motion to dismiss the petition and directing the respondents to file an answer.

Significantly, the petitioner's date of discharge had the effect of granting him credit for his meritorious earned time, the same time he now seeks to have restored by this petition. Thus, the respondents now have submitted a motion to dismiss the petition as moot based on the expiration of the petitioner's sentence on November 12, 2001, and the fortuitous circumstance of the petitioner's having been released as though his forfeited meritorious earned time had been applied to his sentence.

Clearly, the petitioner seeks to reverse an administrative decision of the Mississippi Department of Corrections, a decision which no longer has any bearing on the petitioner, and does not seek to vacate his conviction and sentence. Inasmuch as the petitioner seeks only to restore certain credit for time served in order to preserve for himself and earlier discharge from custody, this court is faced with the question of what controversy remains for decision now that the petitioner has been discharged from custody.

The respondents cite the case of *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), where petitioners only requested release from their parole terms, terms which had ended by the time of the appeal. The United States Supreme Court found the matter to be moot, but noted that, "[h]ad the petitioners challenged the underlying convictions and requested an opportunity to replead, the cases would not have been moot." *Id.*, at n. 11, 102 S.Ct. 1322.

This court notes that in *Bailey v. Southerland*, 821 F.2d 277 (5th Cir.1987), the United States Court of Appeals for the Fifth Circuit held that a habeas petition challenging prison discipline for insolence and failure to obey an order was moot after the petitioner was released. Recently, in the case of *Loth v. Guzik*, 2001 WL 649650, *3 (N.D.Tex.), the petitioner challenged a prison officials' disciplinary action with resultant loss of fourteen days of good conduct time and other sanctions. While the matter was pending, the petitioner filed a petition for habeas corpus relief in the federal district court. Then, the petitioner was discharged from custody on the projected date his sentence would expire, resulting in his being released as if the forfeited fourteen days had been credited. The federal district court found the habeas corpus petition to be moot under the circumstances, citing *Lane v. Williams*. The court noted, however, that the petitioner's claim would not be moot if he had shown that the disciplinary action itself either caused (or was still causing) him to suffer some actual or future harm, and that a writ of habeas corpus could prevent the harm.

Furthermore, now that the petitioner in the instant case has been discharged from custody, an event which had the practical, if not official, effect of granting him his forfeited earned time, he no longer possesses a reasonable expectation of early release. That expectation now is moot. Moreover, there is no constitutionally protected right to restoration of any forfeited earned time credits. *Hallmark v. Johnson*, 118 F.3d 1073, 1079–80 (5th Cir.1997), *cert. denied*, 522 U.S. 1003, 118 S.Ct. 574, 139 L.Ed.2d 413 (1997). Clearly, the petitioner must assert a violation of a federal constitutional right before he may claim habeas corpus relief. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir.1993), quoting *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th

Cir.1993). The federal writ of habeas corpus would be available to the petitioner in the instant case only if he could show that he is (or was in the case where conviction is challenged) in custody in violation of the Constitution or laws or treaties of the United States. *See Bryan v. Wainwright,* 511 F.2d 644, 646 (5th Cir.1975) (citing Title 28 U.S.C.A. § 2254(a)), *cert. denied,* 423 U.S. 837, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975); and *Boyd v. Scott,* 45 F.3d 876, 881 (5th Cir.1994). This the petitioner cannot do under the current circumstances.

Therefore, in light of the foregoing, the Report and Recommendation of the United States Magistrate Judge must be set aside, and the motion of the Respondents to dismiss the petition as moot [item # 10] is hereby granted. Any and all remaining motion are terminated as moot.