Walter JOHNSON, Petitioner-Appellant,

v.

Richard L. DUGGER, Director Division of Corrections, Jim Smith, Attorney General, Respondents-Appellees.

No. 86–3517
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 27, 1987.

Maria Ines Suber, Dept. of Legal Affairs-The Capitol, Tallahassee, Fla., for respondents-appellees.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Walter Johnson, a Florida prisoner proceeding pro se, appeals from an order of the district court denying his petition for a writ of habeas corpus. We affirm.

Johnson was convicted on three counts of armed robbery and sentenced to consecutive 30–year terms. At trial, the state showed that two masked men robbed a bank in Duval County, Florida on November 28, 1980. Ronald Jordan, one of the state's witness, saw the two men approaching the bank with shotguns and saw them putting on their masks. Upon leaving the bank, the men stole a bank employee's car and fled. Walter Johnson and Bruce Johnson were apprehended near the stolen vehicle shortly after the robbery. Both men were identified by Jordan shortly after they were stopped by police. When the men were taken back to the bank, several witnesses testified that they recognized articles of clothing worn by the two robbers. In addition, Walter Johnson and Bruce Johnson each had silver paint on their fingertips, which the state argued was an attempt to prevent leaving finger prints. The two men were then arrested.

In a post-arrest interview, Bruce Johnson allegedly told a police detective that he would show him where the stolen money was hidden. At the defendants' joint trial, Bruce Johnson denied making this statement. The state also introduced evidence that petitioner Walter Johnson was visited by Harold Williams at the Duval County Jail about a week after the robbery. Williams was searched after his visit, and police discovered a makeshift map drafted on the back of a prison form. The police followed the directions on this map and discovered the stolen money.

After a three-day trial, the jury returned verdicts of guilty against both defendants. After exhausting his state remedies, Walter Johnson filed this petition for a writ of habeas corpus. A magistrate recommended that Johnson's petition be denied and the district court accepted this recommendation.

On appeal, Johnson offers six grounds for granting the writ. Johnson alleges the trial court committed constitutional error by: (1) consolidating petitioner's trial with that of his co-defendant Bruce Johnson; (2) admitting Ronald Jordan's out-of-court identification; (3) denying petitioner's motion to transport Harold Williams to testify; (4) instructing the jury regarding the propriety of witnesses discussing their testimony with lawyers; (5) giving an *Allen* charge after only two hours of deliberation; and (6) denying petitioner's motion for a new trial.

## SEVERANCE

■ In order to be entitled to habeas relief, a petitioner must show that the trial court's refusal to sever codefendants rendered the petitioner's trial fundamentally unfair. *See Demps v. Wainwright,* 666 F.2d 224, 227 (5th Cir. Unit B), *cert. denied,* 459 U.S. 844, 103 S.Ct. 98, 74 L.Ed.2d 89 (1982); *Alvarez v. Wainwright,* 607 F.2d 683, 685 (5th Cir.1979). Johnson has failed to establish that he was prejudiced by the consolidation of his trial with that of his codefendant. The only evidence introduced exclusively against Bruce Johnson was his statement to police indicating that he knew where the money was hidden. The jury had substantial evidence against Walter Johnson—including circumstantial evidence that Walter Johnson drew a map indicating the location of the stolen money—to support a conviction. Petitioner has not demonstrated any likelihood that the jury convicted him because of the "spillover effect" of evidence produced against his codefendant. Furthermore, Bruce Johnson did not make any statements inculpating petitioner. Since Bruce Johnson testified at the trial, there can be no claim that petitioner's confrontation clause rights were violated by the joint trial. *Cf. Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (confrontation clause violated where codefendant's out-of-court statement implicating defendant is introduced and where codefendant did not testify).

## IDENTIFICATION

Eyewitness Ronald Jordan was driven in a patrol car to where two men had been apprehended by police following the bank robbery. The suspects were in the back of a police car as Jordan observed them from seven to ten feet away. Jordan identified

Walter Johnson and Bruce Johnson as the two men he had seen walking into the bank with a shotgun. At the suppression hearing, Jordan stated that he could no longer recognize the defendants, but that he was certain of their identification at the time of the show-up. Jordan also incorrectly identified Harold Williams as Bruce Johnson even though Bruce Johnson was present at the hearing. The trial court suppressed any in-court identification by Jordan but denied the motion to suppress the out-of-court identification.

■ To violate due process, an identification procedure used by the police must be unnecessarily suggestive and create a substantial risk of misidentification. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Factors considered in determining reliability include "the opportunity to view the witness at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id.* at 199, 93 S.Ct. at 382.

■ Johnson presents no evidence that the identification was either unnecessary suggestive or unreliable. Although show-ups are widely condemned, *Frank v. Blackburn,* 605 F.2d 910, 912 (5th Cir.1979), *aff'd in pertinent part* 646 F.2d 902 (1981) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981), immediate confrontations allow identification before the suspect has altered his appearance and while the witness' memory is fresh, and permit the quick release of innocent persons. *Id.* Therefore, show-ups are not unnecessarily suggestive unless the police aggravate the suggestiveness of the confrontation. *Id.* As in *Frank,* the police here did not aggravate the suggestiveness and thus the confrontation was not impermissible.

■ Further, the *Biggers* test is satisfied as to the reliability of the identification. Jordan had a good opportunity to observe the men in broad daylight, both before and after they entered and left the bank, he thoroughly described them to the police, he was certain of the identification at the time, and he identified the suspects only minutes after the crime while his memory was still fresh.

Under these circumstances, Jordan's out-of-court identification was not unreliable even if it had been impermissibly suggestive, and Johnson's trial was not rendered fundamentally unfair by the trial court's admission of Jordan's testimony.

## MOTION TO TRANSPORT WITNESS

■ At trial, the court denied a defense motion to transport Harold Williams to court so that Jordan could identify Williams as the person whom he had misidentified as Bruce Johnson during the suppression hearing. Denial of this request did not render the trial fundamentally unfair. The defense was permitted to cross-examine Jordan as to his earlier misidentification, and there is no indication that Williams' presence would have had any effect on the jury's decision.

## JURY INSTRUCTIONS

■ During the trial, the court instructed the jury that "it is entirely proper for a lawyer to talk to a witness about the testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his testimony." Trial Transcript at 557. As the court explained before giving this instruction, both the defense and the state had referred to the fact that certain witnesses had discussed their testimony with lawyers. The court's instruction raises a constitutional issue only if rendered the entire trial fundamentally unfair. *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir.1983). Johnson does not demonstrate that the trial court acted unreasonably, nor does he show how the instruction prejudiced his case.

Johnson also complains that the trial court's *Allen*[1] charge coerced the jury into rendering a guilty verdict. The case was submitted to the jury at approximately 10:30 p.m. on the Friday night before a Memorial Day weekend. At approximately 12:30 a.m., the jury asked the court whether it had to continue deliberating until a unanimous verdict was reached. When the jury was brought into the courtroom, the foreperson indicated that the jurors were divided. The court instructed the jury as follows:

> You folks have been in deliberations now for approximately two hours, maybe a few minutes more than that, and although jurors sometimes deliberate longer than that before the instruction is given, I think—you told me what the problem is, and I will give you this general information, and this is from page forty-eight of the standard charges.
>
> Now, sometimes an early vote before discussion can make it hard to reach an agreement about the case later. The vote, not the discussion, might make it hard to see all sides of the case.
>
> Now, we are all aware that it is legally permissible for a jury to disagree. There are two things a jury can lawfully do: Agree on a verdict or disagree on what the facts of the case may truly be.
>
> Now, there is nothing to disagree about on the law. The law is as I told you. If you have any disagreements about the law, I should clear them for you now. That should be my problem, not yours.
>
> If you disagree over what you believe the evidence showed, then only you can resolve that conflict, if it is to be resolved.
>
> I would request one thing of you. First of all, by law, I can't demand that you do this, but either tonight or perhaps at a later time if that becomes necessary, I want you to go back into the jury room, then perhaps each of you will, by taking turns, tell each of the other jurors about any weaknesses of your own position, and don't interrupt each other or com-

ment until each of you have had the chance to complete your say, and after you've done that and you simply can't reach a verdict, then return to the courtroom, and if we arrive at that point, then I will declare a mistrial in the case, and we will discharge all of you with a sincere appreciation of all concerned.

> Now, do you want to continue tonight? Do you feel that you are able to continue longer tonight, and do you want to?
>
> JUROR SKINNER: We would like to continue tonight.

Trial Transcript at 691–93. The jury retired to deliberate and returned their guilty verdict at approximately 1:00 a.m.

 Although the giving of such an instruction has been criticized, a federal habeas court can only grant relief if the instruction rendered the trial fundamentally unfair. *See Bryan v. Wainwright,* 511 F.2d 644, 646 (5th Cir.1975). In *Bryan,* the trial court not only urged dissenting jurors to consider the majority position, but also called the jury back from deliberations and asked them to try and arrive at a verdict within twenty minutes. On these facts, we held that the conviction could not be collaterally attacked. *Id.* This case presents an atmosphere which was less coercive than the atmosphere created by the trial court in *Bryan.* The trial court here clearly indicated that the jurors could retire for the evening and renew deliberations the following day. Furthermore, the instructions themselves did not exert undue pressure on dissenting jurors to change their votes. Given our holding in *Bryan,* we cannot conclude that the *Allen* charge in this case rendered petitioner's trial fundamentally unfair.

## MOTION FOR NEW TRIAL

 Finally, Johnson contends he was wrongfully denied a new trial. Florida procedural rules govern the grant or denial of a new trial and the state's interpretation of its own rules does not implicate a federal

---

1. *See Allen v. United States,* 164 U.S. 492, 501–02, 17 S.Ct. at 154, 157, 41 L.Ed. 528 (1896) (approving trial court's instruction to dead-locked jury to make further attempts to reach a verdict).

constitutional issue. As such, the denial of Johnson's motion for a new trial is not actionable here. *See Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985). Further, Johnson has not alleged any facts to support a due process claim.

For the foregoing reasons, the judgment of the district court denying the petition for a writ of habeas corpus is AFFIRMED.