PER CURIAM.
Appellant seeks review of a trial court order denying a motion to suppress an out of court identification following a nolo contende-re plea preserving the right of review of said order.
A police officer, who was on his way to a narcotics stakeout, was caught in heavy traffic in Coconut Grove. While the officer was creeping along in traffic a man stepped out into the street two cars ahead of him, bringing traffic to a sudden halt. As traffic stopped, a second man walked up to one of the cars which had been forced to stop. This man made a throwing motion, appeared to reach into the car and struggle, then stood up and ran toward the officer’s car. The man had a large white purse in his hands. The man then turned and ran down an alley with his back to the officer. The officer gave chase in his car and then on foot. The man hurdled a fence at the end of the alley and the officer had to end his chase. The officer radioed a description of the fleeing man to the narcotics team, which was in the area, and they immediately set up a perimeter. Within a matter of seconds the narcotics team saw defendant running through the neighborhood, and minutes later defendant was in custody. Defendant was wearing blue jeans and a white tank top, he had been seen carrying a white purse, and a white purse was recovered from the roof top where he was arrested. The officer who witnessed the robbery, on his own initiative, went to the site of the arrest and identified defendant. Defendant moved to suppress this identification on the ground that the officer’s identification was tainted by the effects of an impermissible identification procedure. The officer testified that he had witnessed the robbery from about fifteen to twenty feet away, that he watched the robbery take place, that it happened quickly, that he kept his eyes on the defendant the whole time, that defendant ran right at him, that defendant looked right at him, that defendant turned and ran down an alley, that he chased defendant down the alley in his car, that there was a fence at the end of the alley, that defendant hurdled the fence, that when he reached the end of the alley he got out of the car to continue the chase, that defendant looked back at him, that he couldn’t climb the fence and had to give up the chase, that he had radioed a description, that the description was: black male, 5'6"-5'10", short cropped hair, light colored tank top, slender build, and carrying a white purse, that defendant was apprehended within minutes, that he identified defendant within minutes, and, that he was 100% positive of his identification. The trial court applied the factors of Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and found that the officer had opportunity to view the defendant at the time of the crime, that his attention was focused on defendant, that his radio description, although fairly generic, was accurate under the circumstances, that he was sure of his identification, and, that a very short time had elapsed between the crime and the identification. Based on these factors the court found *130 that the defense failed to meet its burden of proof and denied the motion to suppress.
The decision to admit an out of court identification was within the sound discretion of the trial court. See Baxter v. State, 355 So.2d 1234 (Fla. 2d DCA) cert. den. 365 So.2d 709 (Fla.1978). Based on the record, it cannot be said that the trial court abused its discretion in denying appellant’s motion to suppress.
Finding no error in the suppression order, the adjudications of guilt be and they are affirmed.
Affirmed.