776 So.2d 943 (2000)
Kevin WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-740.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
Rehearing Denied February 16, 2001.
*944 John A. Garcia of John A. Garcia, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jan E. Vair, Assistant Attorney General, Fort Lauderdale, for appellee.
GARDINER, ANA I., Associate Judge.
The Appellant, Kevin Walker, appeals the trial court's final judgment finding him guilty of two counts of Armed Robbery and sentencing him to life imprisonment as a prison releasee reoffender.
The evidence at trial showed that Appellant while armed with a gun robbed a Subway Sandwich Shop. During the robbery, Appellant forced two store employees into a freezer and then fled in his vehicle. Later, the two store employees described Appellant to the police. Another person who saw the Appellant leaving the Subway Shop also described Appellant's appearance to the police. Approximately one hour later, after locating Appellant's car in the parking lot of an apartment complex, the police drove the two store employees and the other witness to the apartment complex. While en route to the apartment complex the police told the three witnesses that they were going to a place where there was a possible suspect. Appellant's description was not discussed during the drive. Upon arrival at the apartment complex, the witnesses stayed in the police car while the police officer spoke to Appellant standing in the parking lot, approximately twenty-five feet away. The police officer then walked Appellant closer to the car and *945 shined a flashlight in Appellant's face. Simultaneously, and without discussion among each other, all three witnesses positively identified Appellant as the person who robbed the Subway Shop.
Prior to trial, Appellant moved to suppress the pre-trial identification. The trial court denied the motion and during trial the three witnesses were allowed to testify regarding the pre-trial identification and to make an in court identification of the appellant.
Appellant's pretrial identification is considered a "show-up" procedure where the police take a witness, shortly after the commission of an observed crime, to where the police are detaining the suspect, in order to give them an opportunity to make an identification. Although "show-up" procedures are inherently suggestive because the witness is presented with only one suspect for identification, it can be valid if the identification is based solely upon the witness' independent recollection of the suspect without being influenced by the suggestiveness of the procedure. See Perez v. State, 648 So.2d 715, 719 (Fla. 1995); Macias v. State, 673 So.2d 176, 181 (Fla. 4th DCA 1996). However, the identification will not be valid if there was a substantial likelihood of irreparable mis-identification based upon the totality of circumstances. See Blanco v. State, 452 So.2d 520, 524 (Fla.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). The following factors should be considered: (a) the witness' opportunity to view the suspect at the time of the crime; (b) the witness' degree of attention; (c) the accuracy of the witness' prior description of the suspect; (d) the level of certainty demonstrated by the witness at the confrontation; and (e) the length of time between the crime and the confrontation. See Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
The decision to admit a pre-trial identification is within the sound discretion of the trial court and the decision should be overturned only upon a showing of abuse of discretion. See Lee v. State, 635 So.2d 128, 130 (Fla. 3d DCA 1994). In the instant case, the trial court's denial of Appellant's Motion to Suppress was not an abuse of discretion. The trial court's decision was well supported by substantial and competent evidence. The evidence presented to the trial court showed: (a) THE WITNESS' OPPORTUNITY TO VIEW THE SUSPECT AT THE TIME OF THE CRIME. Appellant's face was uncovered during the commission of the robbery. The robbery took place in a well lit store. Further, one of the employees who identified Appellant stood less than four feet away from Appellant and stared at him numerous times, for a couple of minutes, throughout the robbery. The other employee stood within two feet of Appellant and looked at him periodically. The outside witness saw Appellant while he walked right past that witness; (b) WITNESS' DEGREE OF ATTENTION. One of the store employees testified that she focused on Appellant and kept looking at Appellant so that she would not forget him. The outside witness stated that she observed Appellant "the entire time" from when Appellant left the Subway Shop until Appellant entered his vehicle; (c) THE ACCURACY OF THE WITNESS' PRIOR DESCRIPTION OF THE SUSPECT. The description of one of the employee witnesses described Appellant specifically as a black male, 5'8", with a flat nose and almond shaped eyes, wearing a green shirt and baggy pants. The three witnesses testified that they identified Appellant at the parking lot of the apartment complex from their independent recollection of Appellant's facial appearance at the robbery; (d) THE LEVEL OF CERTAINTY DEMONSTRATED BY THE WITNESS AT THE CONFRONTATION. The three witnesses "positively" identified Appellant "instantly" and without hesitation or discussion with anyone; and (e) THE LENGTH OF TIME BETWEEN THE CRIME AND THE CONFRONTATION. *946 The show-up identification procedure took place within one hour of the robbery.
The trial court's denial of Appellant's Motion to Suppress was not an abuse of discretion and is, therefore, affirmed.
On his second point on Appeal, Appellant argues that the Prison Releasee Reoffender Punishment Act is unconstitutional. We affirm the trial court's ruling based on the Supreme Court's decision in State v. Cotton, 769 So.2d 345 (Fla.2000).
POLEN and SHAHOOD, JJ., concur.