THOMPSON, J.
David A. Lassiter appeals his conviction for robbery with a weapon. Lassiter contends that the court erred in denying his motion to exclude evidence concerning the one-person identification procedure through which the victim identified Lassi-ter as the person who committed the robbery. We affirm.
Robert Moore testified that he had been in Melbourne on a business trip and ar *1135 rived at his hotel after having dinner. As he was exiting his car, he exchanged greetings with two friendly-seeming people who approached him. Moore testified that the two people were black, and that they were wearing dark clothing and baseball hats. Moore testified that after the pair passed in front of him, the person in the lead spun around, pulled out a gun, and asked Moore for his wallet. Moore gave the person his wallet. Next, the person took Moore’s cell phone, gold nugget necklace, and watch. The two people walked away, and Moore walked to the hotel lobby where he reported the robbery. Moore testified that as he was standing in the lobby, he saw a light gray or brown van with a dark stripe on its side leave the parking lot.
Moore went to bed after speaking with police about the robbery, but about an hour and half later, he was awakened by a telephone call from a police officer. The police picked up Moore at the hotel and took him to the place where Lassiter had been arrested. Moore positively identified the van at the scene as the one he saw leaving the hotel parking lot after the robbery. Moore testified that when an officer opened the van door and asked if he could identify anything, Moore identified his necklace and his watch. Moore stated that the police officer took him to a squad car where Moore positively identified the person within as the one who robbed him. In court, Moore identified Lassiter as the person who robbed him. Moore testified that at the time of the incident, he had thought that the two people involved were males, but later realized that one of the persons was a female.
Mary Staley testified that she had known Lassiter for several years and that on the day of the incident, she gave Lassi-ter a ride in a van that she borrowed from her friend, Barbara, whose last name she did not know. Staley stated that she and Lassiter stopped at a gas station for gas, but that they did not drive to the hotel where the robbery occurred. Staley denied robbing Moore and said that she had been intoxicated and did not see the necklace and the watch in the van. Staley did not know how the watch and necklace got in the van because her friend, Barbara, let a lot of people borrow the van.
Lassiter testified that he did not commit the robbery. He testified that he was at his friend’s house prior to the robbery. Lassiter testified that he did not know where exactly he was between 9:00 and 9:15, immediately before the robbery, but that he did not commit the robbery. Las-siter stated that he had not been aware that there was jewelry in the van.
On appeal, Lassiter contends that the trial court erred in admitting evidence of Moore’s out-of-court identification because the procedure was unnecessarily suggestive and made Moore’s identification unreliable. In determining whether to exclude an out-of-court identification, the trial court must determine: 1) whether the police used an unnecessarily suggestive procedure to obtain the identification; and 2) if so, considering all the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Rimmer v. State, 825 So.2d 304, 316 (Fla.2002).
A “show-up” procedure involves the police taking a witness to the location of the suspect to give the witness an opportunity to make an identification. Walker v. State, 776 So.2d 943 (Fla. 4th DCA 2000). Although a show-up is inherently suggestive, it can be valid if the identification is based upon the independent recollection of the witness. Id. at 945. Immediate confrontations allow identification before the suspect has altered his appearance and while the witness’ memory is fresh, and permit the quick *1136 release of innocent persons. Johnson v. Dugger, 817 F.2d 726 (11th Cir.1987). However, show-up identifications are invalid if, based on the totality of the circumstances, there was a substantial likelihood of irreparable misidentification. Walker, 776 So.2d at 945. The factors to be considered in evaluating the likelihood of irreparable misidentification include: the opportunity of the witness to view the criminal at the time of the crime; the degree of attention paid by the witness; the accuracy of the prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
In the instant case, although the show-up procedure may have been suggestive, based on the totality of the circumstances, the identification was reliable and there was no likelihood of irreparable misidenti-fication. First, Moore had a reasonable opportunity to view Lassiter. Moore observed the gunman during the robbery for one to two minutes after first having exchanged pleasantries with him. Moore’s attention was focused on the pair of assailants as they approached him and as they exchanged greetings. Moore testified that although the robbery occurred in the evening, the hotel parking lot was well-lit. Moore testified that during the robbery, he kept his eyes on Lassiter’s face even when Lassiter was removing Moore’s wallet and cell phone from his pocket. Moore was not accurate when he described the assailants as two black males, but both assailants were wearing baseball caps, and the trial court pointed out at the hearing that Mary Staley could easily be mistaken for a male. Additionally, Moore accurately described the unique van in which the assailants left the hotel parking lot. Regarding the level of certainty of Moore’s identification, there was testimony that Moore positively identified Lassiter and Staley as soon as he was within five feet of them at the show-up. Finally, only three hours elapsed between the crime and the identification.
Lassiter argues that the identification was tainted because Moore saw the van and the stolen items prior to the show-up, but the fact that Lassiter was stopped in the unique van described by Moore and the fact that the stolen items were found in the van indicate that Moore’s identification was reliable. Compare Scott v. State, 629 So.2d 238 (Fla. 3d DCA 1993) (holding that show-up was unduly suggestive where the officer informed the witness that the person in custody was a suspect, had changed clothes after committing crime, and stolen property had been found on person, but holding that trial court did not err in concluding identification was proper given that stolen property was found on defendant’s person); Hackett v. State, 822 So.2d 1078, 1082 (Miss.Ct.App.2002) (holding that although show-up of defendant who was cuffed and seated in police car was highly suggestive, it was not suggestive enough to create a substantial likelihood of irreparable misidentification because defendants matched the description and stolen property was located in car in which defendants were stopped).
AFFIRMED.
ORFINGER and MONACO, JJ., concur.