MONACO, J.
The appellant, Reginald Lamar Smith, was convicted after jury trial of four counts of robbery with a firearm. He seeks review on two bases, neither of which warrant a reversal.
First, Mr. Smith argues that the trial court erred in allowing one of the witnesses to testify at trial concerning her “show up” identification, because he asserts that the procedure was unnecessarily suggestive and unreliable. We have reviewed the factors listed by the Florida Supreme Court in Perez v. State, 648 So.2d 715, 718 (Fla.1995), and conclude that the method utilized in the present case was proper. See also Lassiter v. State, 858 So.2d 1134 (Fla. 5th DCA 2003); State v. Jackson, 744 So.2d 545 (Fla. 5th DCA 1999). The witness had been within a few feet of the perpetrator at the time of the crime, and the identification of Mr. Smith *1265 by the witness was made very soon.after the crime. In addition, the witness was ■ direct and certain in her identification, and had ample opportunity to observe the perpetrator. Finally, there were several other eye witnesses who positively identified Mr. Smith as the robber.
Mr. Smith also asserts that the trial court erred in allowing certain hearsay testimony concerning the identity of the perpetrator to come before the jury. While we agree that the testimony should not have been admitted, we have reviewed the error for harmfulness. See Hutchinson v. State, 882 So.2d 943, 952 (Fla.2004). In view of the positive identification of Mr. Smith .by three eye witnesses, we are satisfied beyond a reasonable doubt that the error did not reflect on the verdict. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
AFFIRMED.
SAWAYA, C.J. and PETERSON, J„ concur.