[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10908

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00324-CR-1-CAP

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

versus

FREDDIE SANDOVAL,
a.k.a. Enano,
ANGEL MAZARIEGOS,
a.k.a. Grumpy,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 29, 2009)

Before BARKETT, PRYOR and FARRIS,[*] Circuit Judges.

_____

* Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Freddie Sandoval and Angel Mazariegos appealed their conviction and sentences of 180 months and 160 months incarceration respectively. They jointly raise numerous allocations of error. We consider each in turn.

The court did not clearly err in denying Sandoval's motion to suppress a show-up identification. The show-up was immediately after the illegal crimes took place to determine the identity of the suspects in custody. Show-ups are unnecessarily suggestive when "police aggravate the suggestiveness of the confrontation." See *Johnson v. Dugger*, 817 F.2d 726, 729 (11th Cir. 1987). This was not done. It was not clear error to refuse to suppress the identification evidence.

Sandoval had a leadership role in the events. Undisputed facts justify the increase in Sandoval's base offense levels pursuant to U.S.S.G.§3B1.(b). He exercised a measure of authority over the others and had decision making power over the group. There was more than minimal planning. A particular rival gang member was targeted, but substantial planning proceeded the drive-by-shooting of the rival members house. There was more planning than would be involved in a "simple form" drive-by-shooting. There was no error in enhancing Sandoval's sentence for more than minimal planning per U.S.S.G. §2A2.2(b)(1).

Possession of a firearm is not a RICO offence.  We therefore remand for reconsideration of Sandoval's sentence without the RICO enhancement.

Mazariegos argues that the district court erred by admitting three pieces of evidence that were inadmissible character evidence: photographs of gang graffiti, book-in photographs and prior arrest records, and evidence of uncharged criminal conduct. We review for an abuse of discretion.  *United States v. Calderon,* 127 F.3d, 1314, 1331 (11th Cir. 1997). The evidence was useful to prove the defendant's identity and the existence of a common scheme, and thus admissible under Federal Rule of Evidence 404. There was no abuse of discretion.

Mazariegos next argues that the evidence was insufficient to prove beyond a reasonable doubt that he personally engaged in two racketeering acts. The government is not obligated to prove defendant's personal involvement in two racketeering acts, but only the existence of "an agreement on an overall objective." *United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998). Mazariegos's argument fails.

Mazariegos argues that the evidence presented was insufficient to prove beyond a reasonable doubt that he committed the February 20, 2002 car theft. We review legal questions *de novo*. *To*, 144 F.3d at 743. The record indicates that the car was reported stolen and thirty minutes later the car was recovered.  Mazariegos

was arrested at the scene. The inference that Mazareigos stole the car was not unreasonable under all of the circumstances.

Mazariegos next argues that the District Court erred by increasing his base offense level for engaging in more than minimal planning before committing the alleged drive-by shooting. We review the District Court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005). The record does not reflect that Mazariegos engaged in any planning before committing the drive-by-shooting. Although the car turned around after the victim was sighted, nothing suggests that Mazariegos ordered the car to turn around. Further, the record does not indicate that Mazariegos used the interim between the sighting of the victim and the committing of the offense to engage in any type of tactical planning. Instead, the record shows that Mazariegos's offense was committed on the spur-of-the-moment. Minimal planning does not take place even when an offender waits to commit an offense until no witnesses are present. *See* U.S.S.G. § 2A2.2, comment (n.2). The District Court erred by enhancing Mazariegos's sentence for more than minimal planning. We remand to the District Court for re-sentencing without this enhancement.

Mazariegos next argues that the District Court erred by increasing his base

offense level for the use of a minor (Joshua Shivers) per U.S.S.G.§ 3B1.4. The primary question is whether Mazariegos's actions indicate that he "used" Shivers , the car's driver, to commit the offense. The commentary to the guidelines states the "use" of a minor includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." *Id*, comment. (n.1). Although Shivers turned the car around after the victim was sighted, nothing in the record suggests that Mazariegos ever directed or commanded Shivers to do so. While it is possible that Mazariegos directed Shivers to turn the car around, the prosecutor failed to fully elucidate this issue. As such, there can be reasonable doubt as to whether Mazariegos directed or commanded Shivers to turn the car around. Similarly, although Shivers helped Mazariegos flee the scene of the offense, nothing in the record establishes that Mazariegos directed Shivers to do so. Shiver's assistance after the fact does not trigger the enhancement. *See* U.S.S.G. § 3B1.4. Mazariegos sentence enhancement for using a minor, is set aside. We remand for re-sentencing without the two enhancements.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART

PRYOR, Circuit Judge, concurring in the result:

I concur in the result because the enhancement to Mazariegos's sentence for more than minimal planning is clearly erroneous. The government makes a reasonable argument that any error is harmless, but a remand will allow the district court to enter a sentence that may still be well above the guideline range.