[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

No. 09-13470
Non-Argument Calendar

_____

D. C. Docket No. 05-00324-CR-11-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL MAZARIEGOS,
a.k.a. Grumpy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Angel Mazariegos appeals the reasonableness of his 140-month sentence,

imposed following his conviction for conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). On appeal, Mazariegos argues that the district court's articulated reasons for the upward variance, to more than three times the sentence recommended by the guidelines, do not justify the extent of the deviation from the advisory guidelines range. Upon review, we conclude that the district court did not abuse its discretion and we affirm the sentence.

This appeal is before us after resentencing. *See United States v. Sandoval*, 325 Fed. Appx. 828 (11th Cir. 2009) (unpublished). To summarize the relevant facts, Mazariegos is a member of the Sur-13 gang. Mazariegos and other gang members were charged in a 31-count superceding indictment.[1] The charges against Mazariegos included conspiracy to violate RICO based on a drive-by shooting and carjacking, attempted murder of a rival gang member, discharging a firearm during and in relation to the attempted murder, and using and carrying a firearm in connection with the carjacking. Following a jury trial, Mazariegos was convicted only of the conspiracy count.

At the initial sentencing hearing, the court considered the sentencing

---

[1] Several of the other gang members have been before this court on appeal. *See United States v. Flores*, 572 F.3d 1254 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 561 (2009), 130 S.Ct. 562 (2009); 130 S.Ct. 568 (2009); 2010 WL 58717 (Jan. 11, 2010) (No. 09-7849). This case provides a more detailed description of Sur-13's activities. *See id.* at 1259-61.

objections raised by both sides and determined the applicable guidelines range to be 70 to 87 months' imprisonment. The court sentenced Mazariegos to 160 months' imprisonment, finding that the guidelines range did not satisfy the sentencing factors in 18 U.S.C. § 3553(a) in light of the violence involved in Mazariegos's activities and the need to protect the public. The statutory maximum penalty for RICO violations is 20 years' imprisonment. *See* 18 U.S.C. § 1963(a). On direct appeal, this court affirmed the convictions, but remanded for resentencing after concluding that the court improperly calculated the guidelines range.

On remand, the district court calculated the sentencing range to be 37 to 46 months' imprisonment. The government moved for an upward variance, stating that the 160-month sentence originally imposed was reasonable in light of the violent nature of Mazariegos's acts. Mazariegos argued that the sentencing range was sufficient to achieve the § 3553(a) sentencing purposes. After listening to the arguments, the court sentenced Mazariegos to 140 months' imprisonment, finding that the guideline range did not adequately consider the violent nature of the conduct. The court considered Mazariegos's rehabilitative efforts, particularly the educational courses he had completed, but explained that the guidelines calculations were "so far off" that they did not meet the § 3553(a) factors. The

3

court concluded that a 140-month sentence was reasonable and "favorable to the defendant under all the circumstances of the case." Mazariegos now appeals, arguing that the district court impermissibly relied on both uncharged conduct that was not found by the jury and factors that were already accounted for in the Sentencing Guidelines, resulting in an unreasonably severe sentence.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 40-41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Our review is deferential, and the appellant bears the burden of establishing that the sentence is unreasonable in light of the record and the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009).

When reviewing for reasonableness, we must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. In general, the district court is not required to explicitly address and analyze each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). The district court's overt acknowledgment

4

that it has considered the parties' arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately considered the pertinent sentencing factors. *Id.* at 1330. Furthermore, in fashioning a reasonable sentence, a district court "may consider relevant facts concerning a defendant's background, character, and conduct." *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (quotation omitted); *see also* 18 U.S.C. § 3661 (providing that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"). As long as a court does not impose a sentence that exceeds the statutory maximum authorized by the jury verdict, it may consider relevant uncharged or acquitted conduct that is proven by a preponderance of the evidence. *Faust*, 456 F.3d at 1347-48. It is also permissible for a district court to consider factors already accounted for in the Guidelines in imposing an upward variance. *United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007).

Once we ensure that the sentencing decision was procedurally sound, we must determine whether the sentence imposed is substantively reasonable based on the factors enumerated in § 3553(a). *Gall*, 522 U.S. at 48-50, 128 S.Ct. at 596-97. The statutory factors include: (1) the nature and circumstances of the offense;

(2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need to afford adequate deterrence to criminal conduct; (5) the need to protect the public from further crimes by the defendant; (6) the advisory guidelines range; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a); *see also United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

Moreover, when considering whether a sentence is substantively reasonable, we compare the sentence imposed to the statutory maximum. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006). We will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Shaw*, 560 F.3d at 1238 (quotation omitted). The fact that we might reasonably conclude that a different sentence is appropriate is "insufficient to justify reversal of the district court." *Williams*, 526 F.3d at 1322 (quotation omitted).

When a district court decides that a variance is in order, "it should explain

6

why that variance is appropriate in a particular case with sufficient justifications." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir.) (quotation omitted), *cert. denied*, 129 S.Ct. 2847 (2009). "The justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *Id.* (quotation omitted). The district court need not, however, provide an extraordinary justification for a sentence outside the guidelines range. *Id.* Although we may consider the extent of the deviation, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Williams*, 526 F.3d at 1322 (quotation omitted).

Upon review, we conclude that Mazariegos has not shown that the district court committed procedural error or abused its discretion in imposing a significant upward variance from the advisory guidelines range. Mazariegos had a violent criminal history including his activities with the SUR-13 gang. He was only twenty-two years old at the time of his arrest, but by this age he had engaged in at least two shootings, multiple robberies, and a carjacking, and he did so to increase his position within the gang. The district court was permitted to consider other, uncharged conduct when determining an appropriate and reasonable sentence. *Faust*, 456 F.3d at 1347-48.

Moreover, although the sentence imposed substantially exceeded the

advisory guidelines range, it was well below the statutory maximum of 20 years' imprisonment. On this record, we cannot conclude that the court abused its discretion. Accordingly, Mazariegos's sentence is affirmed.

**AFFIRMED.**