[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2010
JOHN LEY
CLERK

No. 09-13665
Non-Argument Calendar

_____

D. C. Docket No. 05-00324-CR-5-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE SANDOVAL,
a.k.a. Enano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In a previous appeal, we vacated Freddie Sandoval's sentence of 180

months' imprisonment because the district court had improperly calculated the guidelines range, and remanded for resentencing. *See United States v. Sandoval*, 325 Fed. Appx. 828 (11th Cir. 2009) (unpublished). Sandoval now appeals the sentence imposed at resentencing.

Sandoval was a member of the street gang "Sur-13." He and sixteen others were charged with conspiracy to violate the Racketeer and Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), and various drug-related offenses.[1] The indictment alleged numerous overt acts in furtherance of the conspiracy including a 1999 drive-by shooting targeting a rival gang member ('overt act 8"). Specifically, the indictment alleged that Sandoval and another member of Sur-13 went to the rival's apartment and shot multiple times into the apartment's living room window and a nearby car. For his participation, Sandoval was charged under state law with aggravated assault.[2]

On remand, the district court recalculated the range and imposed a sentence of 168 months, which was within the new guidelines range. On appeal, Sandoval argues that the district court erred by including the drive-by shooting in overt act 8

---

[1] We discussed the activities of the Sur-13 members more fully in *United States v. Flores*, 572 F.3d 1254, 1259-61 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 568 (2009).

[2] Under Georgia law, a person commits an aggravated assault when he, *inter alia*, assaults with intent to murder. O.C.G.A. § 16-5-21(a)(1). The statutory maximum sentence for aggravated assault is 20 years' imprisonment. *Id.* § 16-5-21(b).

2

when it calculated his offense level because aggravated assault is not a RICO predicate act under 18 U.S.C. § 1961(1).

We review the district court's application of the sentencing guidelines *de novo*, and its findings of fact for clear error. *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005). We review *de novo* issues involving statutory interpretation. *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009). At sentencing, a district court may base its factual findings on undisputed statements in the presentence investigation report. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

Pursuant to U.S.S.G. § 2E1.1(a), a defendant's base offense level for a RICO offense is the greater of 19 or the offense level applicable to the underlying racketeering activity. U.S.S.G. § 2E1.1(a); *United States v. Farese*, 248 F.3d 1056, 1059 (11th Cir. 2001). The RICO statute sets forth an exclusive list of racketeering activities, which includes "any act or threat involving murder" chargeable under state law and punishable by imprisonment for more than one year. 18 U.S.C. § 1961(1). An offense that does not constitute a RICO predicate offense cannot be the basis for the determination of a defendant's base offense level. *See* U.S.S.G. § 2E1.1(a)(2). Assault is not listed as a racketeering activity in § 1961(1). 18 U.S.C. § 1961(1). But we have recognized that attempted murder is a predicate

3

activity for RICO purposes. *See e.g.*, *United States v. Watchmaker*, 761 F.2d 1459, 1475 (11th Cir. 1985).

Here, we conclude that the district court properly determined Sandoval's guideline offense level. There was no error in the court's finding that overt act 8 – shooting into an occupied apartment at a rival gang leader – was attempted murder and thus involved the threat of murder for purposes of 18 U.S.C. § 1961(1). Moreover, aggravated assault under state law can involve intent to murder, O.C.G.A. § 16-5-21(a)(1), and thus would constitute a predicate offense under § 1961. Accordingly, we affirm.

**AFFIRMED.**